# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Heather L. Welk, Susie B. Jones, William Bigelow, Christine Heinzman and Mark Heinzman, Sigmond Singramdoo, Troy Forte and Lynn M. Forte, David J. Roster and Charity Roster, Patrick Rucci, Gary G. Klingner, Rebecca A. Albers, Ian Patterson, James Willis Konobeck, Jr. and Alison Konobeck, Tracy J. Miklas and Michelle L. Miklas, and Dane A. Tibke and Amy B. Tibke, | |
| Plaintiffs, | **AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |
| v. | Civil No. 11-cv-02676 (PJS/JJK) |
| GMAC Mortgage, LLC, Ally Financial Inc., Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., U.S. Bank, N.A., U.S. Bank National Association ND, Deutsche Bank Trust Company Americas, Deutsche Bank National Trust Company, The Bank of New York Mellon fka The Bank of New York, and Shapiro & Zielke, LLP, | |
| Defendants. | |

Plaintiffs, for their Complaint against Defendants, state and allege as follows:

## PARTIES

1.     Plaintiff, Heather L. Welk, a married person, owns the property at 2130 Cowern Place East, North Saint Paul, MN 55109-3829.  Plaintiff Welk executed an original promissory note on November 4, 2004, in favor of First State Mortgage

Corporation, and also executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. on November 4, 2004.  The legal description of the property is as follows:

> East 127.72 feet of the South 1/2 of the Southeast 1/4 of the Southwest 1/4 of the Northeast 1/4 of Section 14, Township 29, Range 22 (except part acquired for right of way of St. Paul & Stillwater Road) also described as Block 38 of Fifth Addition to North St. Paul together with so much of streets and alleys as accrued to said Block 7 reason of vacation thereof, according to the United States Government Survey thereof and situate in Ramsey County, Minnesota.

> (PID/TID: 14-29-22-13-0035),

("Welk Property"), and is located in Ramsey County, Minnesota.

2.     Plaintiff, Susie B. Jones, a single person, resides at 9343 Wellington Lane North, Osseo, MN 55369.  Plaintiff Jones executed an original promissory note on May 17, 2005, in favor of Ameriquest Mortgage Company, and also executed a mortgage in favor of Ameriquest Mortgage Company on May 17, 2005.  The legal description of the property is as follows:

> Lot 4, Block 3, Charest Addition No. 6.  REGISTERED PROPERTY

> (PID/TID: 12-119-22-33-0032, Cert #1188937),

("Jones Property"), and is located in Hennepin County, Minnesota.

3.     Plaintiff, William Bigelow, a married person, owns the property at 4708 White Oaks Court, Eagan, MN 55122.  Plaintiff Bigelow executed an original promissory note on April 10, 2007, in favor of Homecomings Financial, LLC f/k/a Homecomings Financial Network, Inc., and also executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. on April 10, 2007.  The legal description of the property is as follows:

The North 300 feet of the West 300 feet of the Northwest Quarter of the Northwest Quarter of Section 15, Township 37 North, Range 28 West, Benton County, Minnesota

(PID/TID: 08.00183.01),

("Bigelow Property"), and is located in Benton County, Minnesota.   The property is commonly known as 9470 165th Avenue NE, Oak Park, MN 56329-9419

4.      Plaintiffs, Christine Heinzman and Mark Heinzman, wife and husband, reside at 17341 Jade Court, Lakeville, MN 55044.   Plaintiffs Heinzman executed an original promissory note on February 21, 2005, in favor of Bankers Mortgage Company, LLC, and also executed a mortgage in favor of Bankers Mortgage Company, LLC on February 21, 2005.   The legal description of the property is as follows:

Lot Five (5), Block One (1), Barrett Third Addition, Dakota County, Minnesota

(PID/TID: 221320205001),

("Heinzman Property"), and is located in Dakota County, Minnesota.

5.      Plaintiff, Sigmond Singramdoo, a married person, resides at 16351 Holbrook Avenue, Lakeville, MN 55044.   Plaintiff Singramdoo executed an original promissory note on June 8, 2006, in favor of Homecomings Financial Network, Inc., and also executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. on June 8, 2006.   The legal description of the property is as follows:

Lot I, Block 2, Vermillion Springs

(PID/TID: 22-81750-02-0),

("Singramdoo Property"), and is located in Dakota County, Minnesota.

6.      Plaintiffs, Troy Forte and Lynn M. Forte, husband and wife, reside at 18758 Embers Avenue, Farmington, MN 55024.   Plaintiffs Forte executed an original promissory note on September 24, 2007, in favor of USAA Federal Savings Bank, and also executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. on September 24, 2007.  The legal description of the property is as follows:

Lot I. Block 4, Prairie Creek 3rd Addition

(PID/TID: 14.58652.010.04),

("Forte Property"), and is located in Dakota County, Minnesota.

7.      Plaintiffs, David J. Roster and Charity Roster, husband and wife, reside at 12375 Oakview Avenue, Becker, MN 55308.   Plaintiffs Roster executed an original promissory note on October 24, 2002, in favor of Mortgage Investors Corporation, and also executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. on October 24, 2002.  The legal description of the property is as follows:

The West Half of Lot 4, Block 6, Oakview Estates

(PID/TID: 60-406-0625),

("Roster Property"), and is located in Sherburne County, Minnesota.

8.      Plaintiff, Patrick Rucci, a single person, resides at 350 Main Street North #210, Stillwater, MN 55082.  Plaintiff Rucci executed an original promissory note on November 16, 2006, in favor of American Brokers Conduit, and also executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. on November 16, 2006.  The legal description of the property is as follows:

Unit No. 210, Common Interest Community No. 25 1, a condominium, Stillwater Mills On Main, Washington County, Minnesota

(PID/TID: 28.030.20.13.0193, Cert. No. 63925),

("Rucci Property"), and is located in Washington County, Minnesota.

9.     Plaintiff, Gary G. Klingner, a single man, resides at 7033 330th Lane NW, Princeton, MN 55371.   Plaintiff Klingner executed an original promissory note on September 6, 2005, in favor of Ownit Mortgage Solutions, Inc., and also executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. on September 6, 2005.  The legal description of the property is as follows:

Lot 9, Sunny Acres

(PID/TID: 13.050.0090),

("Klingner Property"), and is located in Isanti County, Minnesota.

10.     Plaintiff, Rebecca A. Albers, a single person, owns the property at 6674 3rd Street N, Oakdale, MN 55128.  Plaintiff Albers executed an original promissory note on October 28, 2004, in favor of IndyMac Bank, F.S.B., and also executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. on October 28, 2004.  The legal description of the property is as follows:

Lot Nine (9) Block One (1), Tanners Lake Heights Plat No. 1

(PID/TID: 31.029.21.42.0004),

("Albers Property"), and is located in Washington County, Minnesota.

11.     Plaintiff, Ian Patterson, a married person, resides at 1521 Circle Drive, Burnsville, MN 55337.  Plaintiff Patterson executed an original promissory note on November 20, 2007, in favor of American Mortgage Corporation, and also executed a

mortgage in favor of Mortgage Electronic Registration Systems, Inc. on November 20, 2007. The legal description of the property is as follows:

> Lot 6, Block 2 Vista View 4th Addition according to the recorded plat thereof, Dakota County, Minnesota

> (PID/TID: 02-82203-060-02),

("Patterson Property"), and is located in Dakota County, Minnesota.

12. Plaintiffs, James Willis Konobeck, Jr. and Alison Konobeck, husband and wife, reside at 10961 Mayberry Trail North, Marine On St. Croix, MN 55047. Plaintiffs Konobeck executed an original promissory note on July 15, 2008, in favor of U.S. Bank National Association ND, and also executed a mortgage in favor of U.S. Bank National Association ND on July 15, 2008. The legal description of the property is as follows:

> That part of the Northwest Quarter of the Northeast Quarter of Section 30, Township 32, Range 20, Washington County Minnesota, described as follows: Commencing at the Northwest comer of said Northwest Quarter of the Northeast Quarter; thence North 89 degrees 07 minutes 52 seconds East, assumed bearing, along the North line of said Northwest Quarter of the Northeast Quarter, a distance of 883.27 feet; thence South 43 degrees 10 minutes 22 seconds West, a distance of 41.73 feet, more or less, to its intersection with the South line of the North 30.0 feet of said Northwest Quarter of the Northeast Quarter, said point being the oint of beginning of the property to be described; thence continuing South 43 degrees 10 minutes 22 seconds West, a distance of 180.85 feet; thence North 89 degrees 07 minutes 52 seconds East, a distance of 125.31 feet; thence South 48 degrees 15 minutes 45 seconds East, a distance of 342.91 feet; thence North 27 degrees 18 minutes_05 seconds East, a distance of 410.80 feet, more or less, to its intersection with said South line of the North 30.0 feet of the Northwest Quarter of the Northeast Quarter; thence South 89 degrees 07 minutes 52 seconds West, along said South line of the North 30.0 feet of the Northwest Quarter of the Northeast Quarter, a distance of 445.91 feet, more or less, to the point of beginning.

> (PID/TID: 30.032.20.12.0006),

("Konobeck Property"), and is located in Washington County, Minnesota.

13.     Plaintiffs, Tracy J. Miklas and Michelle L. Miklas, husband and wife, reside at 7215 110th Circle North, Champlin, MN 55316.  Plaintiffs Miklas executed an original promissory note on October 29, 2002, in favor of GMAC Mortgage Corporation, and also executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. on October 29, 2002.  The legal description of the property is as follows:

Lot 9, Block 3, Helmer Addition

(PID/TID: 32-120-21-34-0018),

("Miklas Property"), and is located in Hennepin County, Minnesota.

14.     Plaintiffs, Dane A. Tibke and Amy B. Tibke, husband and wife, reside at 2600 Quebec Avenue North, New Hope, MN 55427.  Plaintiffs Tibke executed an original promissory note on December 27, 2004, in favor of EquiFirst Corporation, and also executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. on December 27, 2004.  The legal description of the property is as follows:

Lot 15, Block 1, "Terra Linda 2nd Addition", according to the recorded plat thereof on file and of record in the office of the Registrar of Titles, Hennepin County, Minnesota.

(PID/TID: 20-118-21-33-0056),

("Tibke Property"), and is located in Hennepin County, Minnesota.

15.     GMAC Mortgage, LLC ("GMAC") is the mortgage unit of Ally Financial Inc.  Their registered agent in Minnesota is Corporation Service Company, located at 380 Jackson Street #700, St Paul, MN, 55101.

16.     Ally Financial Inc. ("AFI"), previously known as GMAC Inc., is a bank holding company headquartered at 200 Renaissance Center, 482 B09 C24, Detroit, MI, 48265.

17.     Mortgage Electronic Registration Systems, Inc. ("MERS") is a Delaware corporation with a principal place of business in Virginia.  MERS is not registered to do business in Minnesota.  Its headquarters are located at 1818 Library Street, Suite 300, Reston, VA 20190.

18.     MERSCORP, Inc. ("MERSCORP") is a Delaware corporation, registered to do business in the State of Minnesota.  MERSCORP is the record keeper and record custodian for the Mortgage Electronic Registration Service, Inc., system which has effected and recorded the transfer of mortgages for one or more of Plaintiffs' properties.  Its Minnesota registered agent is CT Corporation, located at 100 South 5th Street #1075, Minneapolis, Minnesota 55402.

19.     U.S. Bank, N.A. ("USB-NA") is a national bank, whose charter is approved by the Office of the Comptroller of the Currency.  Its headquarters are located at 425 Walnut Street, Cincinnati, Ohio 45202.

20.     U.S. Bank National Association ND ("USB-ND") is a national bank, whose charter is approved by the Office of the Comptroller of the Currency.  Its headquarters are located at 4325 17th Avenue S.W., Fargo, North Dakota 58103.

21.     Deutsche Bank Trust Company Americas ("DB") was formerly known as Bankers Trust Corporation and changed its name to Deutsche Bank Trust Company

Americas in April 2002.  Its corporate headquarters are located at 60 Wall Street, New York, New York 10005.

22.     Deutsche Bank National Trust Company ("DBNT") is a non-deposit trust company who is overseen by the Office of the Comptroller of the Currency.   Its headquarters are located at 300 South Grand Avenue, 41st Floor, Los Angeles, California 90071.

23.     The Bank of New York Mellon fka The Bank of New York ("BNY-M") is a national bank, whose charter is approved by the Office of the Comptroller of the Currency.  Its headquarters are located at 500 Grant Street, Pittsburgh, Pennsylvania 15258.

24.     Defendants GMAC Mortgage, LLC, Ally Financial Inc., Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., U.S. Bank, N.A., U.S. Bank National Association ND, Deutsche Bank Trust Company Americas, Deutsche Bank National Trust Company, and The Bank of New York Mellon shall be collectively be referred to as "Defendants" herein.

25.     Shapiro & Zielke, LLP ("Law Firm") is a law firm located at 12550 West Frontage Road, Suite 200, Burnsville, MN 55337.  Law Firm is Defendants' agent for purposes of enforcing falsely declared defaults on Plaintiffs' Original Notes and/or wrongfully foreclosing on Plaintiffs' homes.  Law firm is Client's agent for purposes of enforcing falsely declared defaults on Plaintiffs' Original Notes and/or wrongfully foreclosing on false and defective mortgages.  Law Firm, in effecting a non-judicial foreclosure in Minnesota, owes Plaintiffs a duty to ensure that its client:  (1) is a valid

mortgagee; and (2) has possession of or is otherwise entitled to enforce Plaintiffs' Original Notes by verifying a proper chain of title and/or endorsement of the Original Notes payable to the order of their clients asserting the rights of a valid mortgagee. Law Firm has not verified the legitimacy of Defendants' mortgages, has not determined whether the other Defendants are entitled to enforce Plaintiffs' Original Notes and has therefore breached its duty to Plaintiffs. Law Firm is Defendants' agent for purposes of the allegations in this Complaint.

26.     Law Firm conducted non-judicial foreclosures on the Jones Property, Singramdoo Property, Forte Property, Roster Property, Rucci Property, and Albers Property.

## BACKGROUND

27.     All Plaintiffs are Minnesota homeowners who allege that Defendants assert invalid and voidable Mortgages ("Mortgages") against Plaintiffs' homes.

28.     All named Plaintiffs executed original promissory notes ("Original Notes") and/or Mortgages in favor of an entity different from the Defendants who now claim the legal right to foreclose on Plaintiffs' homes.

29.     Defendants are not in possession of Plaintiffs' Original Notes and are not otherwise entitled to enforce Plaintiffs' Original Notes.

30.     Defendants are not authorized representatives acting on behalf of any holder in possession of Plaintiffs' Original Notes. Defendants are not authorized representatives acting on behalf of any holder otherwise entitled to enforce Plaintiffs' Original Notes.

31.     Plaintiffs have demanded that Defendants provide proof that they are holders of Plaintiffs' Original Notes and therefore the legal owners of Plaintiffs' debt instrument.  Defendants have refused to comply with Plaintiffs' demands, and further all Defendants have repeatedly refused to abide by laws and regulations relating to disclosure of mortgage loan ownership and mortgage loan modification as well as other laws and regulations governing securitized mortgage loans.

32.     Defendants do not have valid, clear legal title to the Plaintiffs' Original Notes.

33.     Defendants are not holders of Plaintiffs' Original Notes, do not have physical possession of Plaintiffs' Original Notes and are not otherwise "entitled to enforce" Plaintiffs' Original Notes.

34.     Defendants are not holders in due course of Plaintiffs' Original Notes.

35.     No named Defendant paid any value for Plaintiffs' Original Notes.

36.     No named Defendant holds Plaintiffs' Original Notes in good faith.

37.     No named Defendant holds Plaintiffs' Original Notes without notice of any claims or defenses to the enforcement of the Original Notes.

38.     Defendants do not have actual physical possession of Plaintiffs' Original Notes.

39.     Though Defendants assert legal title to the Original Notes and Mortgages, separate, distinct and unrelated entities own all of the rights to the proceeds of the Original Notes and Mortgages.

40. Defendants do not have valid, clear legal title to the Original Notes. Defendants therefore cannot assert rights to payment on the Original Notes and cannot assert the right of foreclosure under the Mortgages. The Mortgages are security for the Original Notes and Defendants have no direct claim to proceeds due on the Original Notes. Because Defendants have no direct right to receive payments due on the Original Notes, Defendants cannot exercise foreclosure rights in the Mortgages.

41. Defendants and others securitized and sold Plaintiffs' Original Notes into a "pooling and servicing agreement" ("PSA"), in which at least 100 percent of the present value of the total payments due on Plaintiffs' Original Notes were sold to third-party purchasers ("Certificate Holders") of "mortgage-backed securities" ("MBS").

42. All of the Plaintiffs have loans in which GMAC Mortgage, LLC, Ally Financial Inc., Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., U.S. Bank, N.A., U.S. Bank National Association ND, Deutsche Bank Trust Company Americas, Deutsche Bank National Trust Company, and The Bank of New York Mellon's related or controlled entities have an operational role as "Depositor," "Servicer," "Responsible Party," "Loan Performance Advisor," "Trustee," "Securities Administrator," and/or "Custodian."

43. Defendants and others irrevocably sold and/or transferred all of the rights to receive 100 percent of the payments due on Plaintiffs' Original Notes to bankruptcy-remote entities and trusts created by the PSA, including but not limited to "Real Estate Mortgage Investment Conduits" ("REMIC").

44.     Defendants' securitization of Plaintiffs' Original Notes permanently and irrevocably separated the "value" of the Original Notes from the actual, physical Original Notes.

45.     Due to Defendants' actions, Plaintiffs' Original Notes are not unconditionally enforceable negotiable instruments.

46.     Because Plaintiffs' Original Notes are not unconditionally enforceable negotiable instruments, Defendants cannot assert the right to foreclose on the Mortgages.

47.     Defendants and Law Firm are aware of Plaintiffs' defenses to enforcement of the Original Notes, including but not limited to issues relating to Defendants' defective title to the Original Notes and Mortgages, Defendants' failed and/or defective caretaking of the Original Notes and Mortgages, and third-party payments to Defendants and MBS holders which, if disclosed to Plaintiffs, would allow Plaintiffs to meaningfully negotiate any alleged debt owed to Defendants.

48.     Defendants and Law Firm are aware of Plaintiffs' defenses and are abusing Minnesota's non-judicial foreclosure process to avoid exposure of Defendants' flawed legal position and flawed title to the Original Notes and Mortgages.

49.     From October of 2008 Defendants have conspired to defraud Plaintiffs and breach their contractual obligations to Plaintiffs.  Defendants are not holders of Plaintiffs' Original Notes.  Defendants are not entitled to enforce Plaintiffs' Original Notes. Defendants are aware that a large percentage of the individuals and entities that actually funded Plaintiffs' loans (the MBS Certificate Holders) have been satisfied in full by third-party payments.  Defendants are aware of these payments and are further aware that

Defendants have mishandled and failed to properly endorse Plaintiffs'' Original Notes in accordance with the terms of the PSA.  Defendants falsely assert that Plaintiffs owe the full face amount due on the Original Notes but have made statements and taken actions designed to affirmatively mislead Plaintiffs regarding their standing with respect to the Original Notes.  Such actions and statements include, but are not limited to, initiating foreclosure in Defendants' name while at the same time representing to Plaintiffs that an unnamed and unidentified "investor" has exclusive authority to enforce Plaintiffs' Original Notes.

50.     Law Firm falsely represented that its principal was entitled to foreclose when it recorded false statements as to the identity of the mortgagee on the Jones Property, Singramdoo Property, Forte Property, Roster Property, Rucci Property, and Albers Property.  Law firm has further prepared and recorded false documents in Plaintiffs' foreclosures.  Law Firm has filed false and unauthorized Assignments of Mortgage, Notices of Pendency and Powers of Attorney, Sheriff Certificates and other documents.

**<u>Welk Property</u>**

51.     Defendant Mortgage Electronic Data Systems, Inc., including its predecessors, successors and assigns, falsely claims a mortgagee's interest in the Welk Property.  Defendant does not possess and is not entitled to enforce Welk's Original Note.  Because Defendant has no right, title or interest in Welk's Original Note, Defendant cannot exercise rights in the security instrument securing payments in the Original Note.

52.     Defendants published a Notice of Mortgage Foreclosure Sale regarding the Welk Property that falsely stated the "original principal amount of mortgage" was $174,400.00 and that "the amount claimed to be due on the mortgage on the date of the notice" was $202,563.65.  The Mortgage contains no principal amount and there are no amounts due on the Mortgage.  The Notice indicated that MERS would foreclose on the property even though the original Note was not payable to the order of MERS.

53.     Defendants published a Sheriff's Certificate and Foreclosure Record regarding the Welk Property that falsely stated the "original principal amount of mortgage" was $174,400.00 and that "the amount claimed to be due on the mortgage on the date of the notice" was $202,563.65.  The Mortgage contains no principal amount and there are no amounts due on the Mortgage.  The certificate also indicates that MERS bid in a debt owed by Plaintiff Welk for $123,750.00.

54.     Defendants published an Assignment of Sheriff's Certificate of Sale regarding the Welk Property that allegedly transferred MERS's interest in the Welk Property to The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A. as Trustee for RAMP 2004RS12.

**Jones Property**

55.     Defendant U.S. Bank, N.A., As Trustee for Citigroup Mortgage Loan Trust Inc., including its predecessors, successors and assigns, falsely claims a mortgagee's interest in the Jones Property.  Defendant does not possess and is not entitled to enforce Jones's Original Note.  Because Defendant has no right, title or interest in Jones's

15

Original Note, Defendant cannot exercise rights in the security instrument securing payments in the Original Note.

56.     Defendants published an Assignment of Mortgage from Ameriquest Mortgage Company to GMAC Mortgage, LLC regarding the Jones Property.  This assignment falsely purports to transfer rights in the original Note.

57.     Defendants and Law Firm published a Notice of Mortgage Foreclosure Sale regarding the Jones Property that falsely stated the "original principal amount of mortgage" was $204,500.00 and that "the amount claimed to be due on the mortgage on the date of the notice" was $200,454.77.  The Mortgage contains no principal amount and there are no amounts due on the Mortgage.  The Notice indicated that GMAC Mortgage, LLC would foreclose on the property even though the original Note was not payable to the order of GMAC Mortgage, LLC.

58.     Defendants and Law Firm published a second Notice of Mortgage Foreclosure Sale regarding the Jones Property that falsely stated the "original principal amount of mortgage" was $204,500.00 and that "the amount claimed to be due on the mortgage on the date of the notice" was $202,392.57.  The Mortgage contains no principal amount and there are no amounts due on the Mortgage.  The Notice indicated that U.S. Bank, N.A., as Trustee for Citigroup Mortgage Loan Trust Inc. would foreclose on the property even though the original Note was not payable to the order of U.S. Bank, N.A., as Trustee for Citigroup Mortgage Loan Trust Inc.

**Bigelow Property**

59.     Defendant Deutsche Bank Trust Company Americas as Trustee, including its predecessors, successors and assigns, falsely claims a mortgagee's interest in the Bigelow Property.  Defendant does not possess and is not entitled to enforce Bigelow's Original Note.  Because Defendant has no right, title or interest in Bigelow's Original Note, Defendant cannot exercise rights in the security instrument securing payments in the Original Note.

60.     Defendants published a Notice of Mortgage Foreclosure Sale regarding the Bigelow Property that falsely stated the "original principal amount of mortgage" was $176,250.00 and that "the amount claimed to be due on the mortgage on the date of the notice" was $182,252.42.  The Mortgage contains no principal amount and there are no amounts due on the Mortgage.  The Notice indicated that Deutsche Bank Trust Company Americas as Trustee would foreclose on the property even though the original Note was not payable to the order of Deutsche Bank Trust Company Americas as Trustee.

**Heinzman Property**

61.     Defendant U. S. Bank, N.A., including its predecessors, successors and assigns, falsely claims a mortgagee's interest in the Heinzman Property.  Defendant does not possess and is not entitled to enforce Heinzman's Original Note.  Because Defendant has no right, title or interest in Heinzman's Original Note, Defendant cannot exercise rights in the security instrument securing payments in the Original Note.

62.     Defendants published an Assignment of Mortgage from Bankers Mortgage Company, LLC to U.S. Bank, N.A. regarding the Heinzman Property.  This assignment

falsely purports to transfer rights in the original Note: "that certain mortgage executed by Christine Heinzman and Mark Heinzman … together with all right and interest in the land therein described, and in the note and obligations therein specified, and to the debt thereby secured[.]"

63.     Defendants published a Notice of Mortgage Foreclosure Sale regarding the Heinzman Property that falsely stated the "original principal amount of mortgage" was $264,500.00 and that "the amount claimed to be due on the mortgage on the date of the notice" was $260,760.13.  The Mortgage contains no principal amount and there are no amounts due on the Mortgage.  The Notice indicated that U.S. Bank, N.A. would foreclose on the property even though the original Note was not payable to the order of U.S. Bank, N.A.

64.     Defendants published a Notice of Pendency of Proceeding and Power of Attorney to Foreclose on the Heinzman Property that indicated that U.S. Bank, N.A. would institute foreclosure proceedings pursuant to the Assignment of Mortgage it received from Bankers Mortgage Company, LLC.  This document was not signed by an authorized officer of U.S. Bank, N.A.

**Singramdoo Property**

65.     Defendant Deutsche Bank Trust Company Americas, including its predecessors, successors and assigns, falsely claims a mortgagee's interest in the Singramdoo Property.  Defendant does not possess and is not entitled to enforce Singramdoo's Original Note.  Because Defendant has no right, title or interest in

Singramdoo's Original Note, Defendant cannot exercise rights in the security instrument securing payments in the Original Note.

66.      Defendants published an Assignment of Mortgage from MERS, solely as a nominee for Homecomings Financial Network, Inc., to Deutsche Bank Trust Company America's as Trustee regarding the Singramdoo Property.   This assignment falsely purports to transfer rights in the original Note:   "that certain mortgage executed by Sigmond Singramdoo and Kuntee Singramdoo … together with all right and interest in the land therein described, … and in the note and obligations therein specified, and to the debt thereby secured[.]"   MERS has never had any rights, title or interest in the original Note and has no authority to transfer any rights.

67.      Defendants and Law Firm published a Notice of Mortgage Foreclosure Sale regarding the Singramdoo Property that falsely stated the "original principal amount of mortgage" was $720,000.00 and that "the amount claimed to be due on the mortgage on the date of the notice" was $665,308.08.   The Mortgage contains no principal amount and there are no amounts due on the Mortgage.   The Notice indicated that Deutsche Bank Trust Company America's as Trustee would foreclose on the property even though the original Note was not payable to the order of Deutsche Bank Trust Company America's as Trustee.

**Forte Property**

68.      Defendant GMAC Mortgage, LLC, including its predecessors, successors and assigns, falsely claims a mortgagee's interest in the Forte Property.   Defendant does not possess and is not entitled to enforce Forte's Original Note.   Because Defendant has

no right, title or interest in Forte's Original Note, Defendant cannot exercise rights in the security instrument securing payments in the Original Note.

69.     Defendants and Law Firm published a Notice of Mortgage Foreclosure Sale regarding the Forte Property that falsely stated the "original principal amount of mortgage" was $168,700.00 and that "the amount claimed to be due on the mortgage on the date of the notice" was $152,386.12.  The Mortgage contains no principal amount and there are no amounts due on the Mortgage.  The Notice indicated that GMAC Mortgage, LLC would foreclose on the property even though the original Note was not payable to the order of GMAC Mortgage, LLC.

**Roster Property**

70.     Defendant GMAC Mortgage, LLC, including its predecessors, successors and assigns, falsely claims a mortgagee's interest in the Roster Property.  Defendant does not possess and is not entitled to enforce Roster's Original Note.  Because Defendant has no right, title or interest in Roster's Original Note, Defendant cannot exercise rights in the security instrument securing payments in the Original Note.

71.     Defendants and Law Firm published a Notice of Mortgage Foreclosure Sale regarding the Roster Property that falsely stated the "original principal amount of mortgage" was $161,150.00 and that "the amount claimed to be due on the mortgage on the date of the notice" was $163,323.61.  The Mortgage contains no principal amount and there are no amounts due on the Mortgage.  The Notice indicated that GMAC Mortgage, LLC would foreclose on the property even though the original Note was not payable to the order of GMAC Mortgage, LLC.

## Rucci Property

72.     Defendant Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-1, Mortgage Backed Pass-Through Certificates Series 2007-1, including its predecessors, successors and assigns, falsely claims a mortgagee's interest in the Rucci Property.  Defendant does not possess and is not entitled to enforce Rucci's Original Note.  Because Defendant has no right, title or interest in Rucci's Original Note, Defendant cannot exercise rights in the security instrument securing payments in the Original Note.

73.     Defendants and Law Firm published a Notice of Mortgage Foreclosure Sale regarding the Rucci Property that falsely stated the "original principal amount of mortgage" was $382,350.00 and that "the amount claimed to be due on the mortgage on the date of the notice" was $369,883.56.  The Mortgage contains no principal amount and there are no amounts due on the Mortgage.  The Notice indicated that Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-1, Mortgage-Backed Pass-Through Certificates Series 2007-1 would foreclose on the property even though the original Note was not payable to the order of Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-1, Mortgage-Backed Pass-Through Certificates Series 2007-1.

## Klingner Property

74.     Defendant U.S. Bank National Association, As Trustee For The Structured Asset Securities Corporation, Series 2006-0Wl, including its predecessors, successors and assigns, falsely claims a mortgagee's interest in the Klingner Property.  Defendant does

not possess and is not entitled to enforce Klingner's Original Note. Because Defendant has no right, title or interest in Klingner's Original Note, Defendant cannot exercise rights in the security instrument securing payments in the Original Note.

75.     Defendants published a Notice of Mortgage Foreclosure Sale regarding the Klingner Property that falsely stated the "original principal amount of mortgage" was $245,000.00 and that "the amount claimed to be due on the mortgage on the date of the notice" was $328,734.33. The Mortgage contains no principal amount and there are no amounts due on the Mortgage. The Notice indicated that U.S. Bank National Association, as Trustee for the Structured Asset Securities Corporation, Series 2006-OW1 would foreclose on the property even though the original Note was not payable to the order of U.S. Bank National Association, as Trustee for the Structured Asset Securities Corporation, Series 2006-OW1.

**Albers Property**

76.     Defendant Deutsche Bank: National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust 2004-AR13, Mortgage Pass-Through Certlficates, Series 2004-AR13 under the Pooling and Servicing Agreement dated November 1, 2004, including its predecessors, successors and assigns, falsely claims a mortgagee's interest in the Albers Property. Defendant does not possess and is not entitled to enforce Albers's Original Note. Because Defendant has no right, title or interest in Albers's Original Note, Defendant cannot exercise rights in the security instrument securing payments in the Original Note.

77.     Defendants and Law Firm published a Notice of Mortgage Foreclosure Sale regarding the Albers Property that falsely stated the "original principal amount of mortgage" was $192,000.00 and that "the amount claimed to be due on the mortgage on the date of the notice" was $188,995.53.  The Mortgage contains no principal amount and there are no amounts due on the Mortgage.  The Notice indicated that Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust 2004-AR13, Mortgage Pass-Through Certificates, Series 2004 A13 under the Pooling and Servicing Agreement dated November 1, 2004 would foreclose on the property even though the original Note was not payable to the order of Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust 2004-AR13, Mortgage Pass-Through Certificates, Series 2004 A13 under the Pooling and Servicing Agreement dated November 1, 2004.

78.     Defendants and Law Firm published a Sheriff's Certificate and Foreclosure Record regarding the Albers Property that falsely stated the "original principal amount of mortgage" was $192,000.00 and that "the amount claimed to be due on the mortgage on the date of the notice" was $188,995.53.  The Mortgage contains no principal amount and there are no amounts due on the Mortgage.  The certificate also indicates that Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust 2004-AR13, Mortgage Pass-Through Certificates, Series 2004 A13 under the Pooling and Servicing Agreement dated November 1, 2004 bid in a debt owed by Plaintiff Albers for $163,690.23.

**Patterson Property**

79.    Defendant U.S. Bank, N.A., including its predecessors, successors and assigns, falsely claims a mortgagee's interest in the Patterson Property.  Defendant does not possess and is not entitled to enforce Patterson's Original Note.  Because Defendant has no right, title or interest in Patterson's Original Note, Defendant cannot exercise rights in the security instrument securing payments in the Original Note.

80.    Defendants published an Assignment of Mortgage from MERS to U.S. Bank, N.A. regarding the Patterson Property.  This assignment falsely purports to transfer rights in the original Note:  "the Assignor's interest in the Mortgage dated November 20, 2007, … together with all right and interest in the land therein described, and in the note and obligations therein specified, and to the debt thereby secured."  MERS has never had any rights, title or interest in the original Note and has no authority to transfer any rights.

81.    Defendants published a Notice of Pendency of Proceeding and Power of Attorney to Foreclose on the Patterson Property that indicated that U.S. Bank, N.A. would institute foreclosure proceedings pursuant to the Assignment of Mortgage it received from MERS.  This document was not signed by an authorized officer of U.S. Bank, N.A..

**Konobeck Property**

82.    Defendant U.S. Bank National Association ND, including its predecessors, successors and assigns, falsely claims a mortgagee's interest in the Konobeck Property. Defendant does not possess and is not entitled to enforce Konobeck's Original Note.

Because Defendant has no right, title or interest in Konobeck's Original Note, Defendant cannot exercise rights in the security instrument securing payments in the Original Note.

83.     Defendants published a Notice of Mortgage Foreclosure Sale regarding the Konobeck Property that falsely stated the "original principal amount of mortgage" was $143,500.00 and that "the amount claimed to be due on the mortgage on the date of the notice" was $157,931.10.  The Mortgage contains no principal amount and there are no amounts due on the Mortgage.  The Notice indicated that U.S. Bank National Association ND would foreclose on the property even though the original Note was not payable to the order of U.S. Bank National Association ND.

84.     Defendants published a Sheriff's Certificate and Foreclosure Record regarding the Konobeck Property that falsely stated the "original principal amount of mortgage" was $143,500.00 and that "the amount claimed to be due on the mortgage on the date of the notice" was $157,931.10.  The Mortgage contains no principal amount and there are no amounts due on the Mortgage.  The certificate also indicates that U.S. Bank National Association ND bid in a debt owed by Plaintiffs Konobeck for $157,383.52.

**Miklas Property**

85.     Defendant GMAC Mortgage, LLC, including its predecessors, successors and assigns, falsely claims a mortgagee's interest in the Miklas Property.  Defendant does not possess and is not entitled to enforce Miklas's Original Note.  Because Defendant has no right, title or interest in Miklas's Original Note, Defendant cannot exercise rights in the security instrument securing payments in the Original Note.

86.     Defendants published a Notice of Mortgage Foreclosure Sale regarding the Miklas Property that falsely stated the "original principal amount of mortgage" was $156,000.00 and that "the amount claimed to be due on the mortgage on the date of the notice" was $157,999.25.   The Mortgage contains no principal amount and there are no amounts due on the Mortgage.   The Notice indicated that GMAC Mortgage, LLC would foreclose on the property even though the original Note was not payable to the order of GMAC Mortgage, LLC.

**Tibke Property**

87.     Defendant Deutsche Bank. National Trust Company, as Trustee for the Registered Holder of EquiFirst Mortgage Loan Trust 2005-1 Asset-Backed Certificates, Series 2005-1, including its predecessors, successors and assigns, falsely claims a mortgagee's interest in the Tibke Property.   Defendant does not possess and is not entitled to enforce Tibke's Original Note.   Because Defendant has no right, title or interest in Tibke's Original Note, Defendant cannot exercise rights in the security instrument securing payments in the Original Note.

88.     Defendants published an Assignment of Mortgage from MERS, solely as a nominee for EquiFirst Corporation, to Deutsche Bank National Trust Company, as Trustee for the Registered Holder of EquiFirst Mortgage Loan Trust 2005-1 Asset-Backed Certificates, Series 2005-1 regarding the Tibke Property.  This assignment falsely purports to transfer rights in the original Note:  "all its rights, title and interest in and to a certain mortgage … together with any and all notes and obligations therein described or referred to, the debt respectively secured thereby and all sums of money due and to

become due thereon, with interest thereon, and attorney's fees and all other charges." MERS has never had any rights, title or interest in the original Note and has no authority to transfer any rights.

89.     Defendants published a Notice of Mortgage Foreclosure Sale regarding the Tibke Property that falsely stated the "original principal amount of mortgage" was $242,250.00 and that "the amount claimed to be due on the mortgage on the date of the notice" was $279,699.00. The Mortgage contains no principal amount and there are no amounts due on the Mortgage. The Notice indicated that Deutsche Bank National Trust Company, as Trustee for the Registered Holder of EquiFirst Mortgage Loan Trust 2005-1 Asset-Backed Certificates, Series 2005-1 would foreclose on the property even though the original Note was not payable to the order of Deutsche Bank National Trust Company, as Trustee for the Registered Holder of EquiFirst Mortgage Loan Trust 2005-1 Asset-Backed Certificates, Series 2005-1.

90.     Defendants published a Notice of Pendency of Proceeding and Power of Attorney to Foreclose on the Tibke Property that indicated that Deutsche Bank National Trust Company, as Trustee for the Registered Holder of EquiFirst Mortgage Loan Trust 2005-1 Asset-Backed Certificates, Series 2005-1 would institute foreclosure proceedings pursuant to the Assignment of Mortgage it received from MERS. This document was not signed by an authorized officer of Deutsche Bank National Trust Company, as Trustee for the Registered Holder of EquiFirst Mortgage Loan Trust 2005-1 Asset-Backed Certificates, Series 2005-1.

91.     Defendants published a Sheriff's Certificate and Foreclosure Record regarding the Tibke Property that falsely stated the "original principal amount of mortgage" was $242,250.00 and that "the amount claimed to be due on the mortgage on the date of the notice" was $279,699.00.  The Mortgage contains no principal amount and there are no amounts due on the Mortgage.  The certificate also indicates that Deutsche Bank National Trust Company, as Trustee for the Registered Holder of EquiFirst Mortgage Loan Trust 2005-1 Asset-Backed Certificates, Series 2005-1 bid in a debt owed by Plaintiffs Tibke for $287,377.30.

92.     Plaintiffs have standing to make these claims because their properties are encumbered with an invalid and unenforceable mortgage.  Minnesota's statutes expressly contemplate, authorize and confer standing on a property owner to quiet title by removing adverse claims and encumbrances on real estate (Chapter 559 of the Minnesota Statutes), to bring an action to set aside a foreclosure by advertisement (Minn. Stat. §§ 580.20 and 580.21), to quiet title by removing adverse claims and encumbrances on real estate (Chapter 559 of the Minnesota Statutes), and to seek an adjudication of disputed rights under a contract or security agreement (Chapter 555 of the Minnesota Statutes).

## COUNT I
### (Quiet Title)
### GMAC Mortgage, LLC, Ally Financial Inc., Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., U.S. Bank, N.A., U.S. Bank National Association ND, Deutsche Bank Trust Company Americas, Deutsche Bank National Trust Company, and The Bank of New York Mellon

93.     Plaintiffs incorporate each and every factual and legal allegation contained in this Complaint.

94.     Plaintiffs are in possession of their respective properties.

95.     Defendants' mortgage liens are invalid and constitute a cloud on Plaintiffs' titles.

96.     Defendants' mortgage liens are invalid for some or all of the following sufficient defects:

      a.     The mortgages are not properly perfected.

      b.     Defendants are not in possession of the original Notes.

      c.     Defendants are not entitled to enforce the original Notes.

      d.     Defendants are not holders of the original Notes.

      e.     Defendants are not holders in due course of the original Notes.

      f.     The Notices of Pendency, Powers of Attorney, and Mortgage Assignments were not executed by an authorized individual.

      g.     The Assignments of Plaintiffs' Mortgages were invalid.

**COUNT II**
**(Defendants Are Not Real Parties in Interest)**
**GMAC Mortgage, LLC, Ally Financial Inc., Mortgage Electronic Registration**
**Systems, Inc., MERSCORP, Inc., U.S. Bank, N.A., U.S. Bank National Association**
**ND, Deutsche Bank Trust Company Americas, Deutsche Bank National Trust**
**Company,**
**and The Bank of New York Mellon**

97.     Plaintiffs incorporate each and every factual and legal allegation contained in this Complaint.

98.     Defendants are not holders in due course of the Original Notes or Mortgages.

99.     Because Defendants are not the holders in due course, they do not have the legal right, under the law, to enforce the Original Notes and Mortgages.

100.    Defendants, who are not entitled to enforce the Original Notes and Mortgages, will receive no benefit from the foreclosure of Plaintiffs' home.

101.    Defendants have no direct claim to the proceeds due on the note. Defendants' claim, if any, is a derivative claim that arises out of the PSA.

102.    Because Defendants do not have the legal right to enforce the Original Notes and Mortgages and will not receive a benefit from the foreclosure of Plaintiffs' homes, Defendants are not the real parties in interest entitled to foreclose Plaintiffs' homes.

## COUNT III
**(Defendants Do Not Have Legal Standing to Foreclose Mortgages)**
**GMAC Mortgage, LLC, Ally Financial Inc., Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., U.S. Bank, N.A., U.S. Bank National Association ND, Deutsche Bank Trust Company Americas, Deutsche Bank National Trust Company,**
**and The Bank of New York Mellon**

103.    Plaintiffs incorporate each and every factual and legal allegation contained in this Complaint.

104.    Defendants, who are not holders in due course of Plaintiffs' Original Notes or Mortgages, do not have a material stake in the enforcement of Plaintiffs' mortgage loans.

105.    Because Defendants do not have a material stake in the enforcement of Plaintiffs' mortgage loans, Defendants do not have standing to enforce the Original Notes and Mortgages.

## COUNT IV
**(Slander of Title)**
**GMAC Mortgage, LLC, Ally Financial Inc., Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., U.S. Bank, N.A., U.S. Bank National Association ND, Deutsche Bank Trust Company Americas, Deutsche Bank National Trust Company, The Bank of New York Mellon, and Shapiro & Zielke, LLP**

106.    Plaintiffs incorporate each and every factual and legal allegation contained in this Complaint.

107.    Defendants publicly recorded mortgage deeds in the name of a nominee, which did not have legal title to either the Original Notes or the Mortgages.

108.    Defendants and Law Firm maliciously published Notices of Foreclosure regarding the Jones Property, Singramdoo Property, Forte Property, Roster Property,

Rucci Property, and Albers Property, purporting that they were holders in due course of Plaintiffs' Original Notes, falsely indicating that they are entitled to enforce Plaintiffs' mortgage loans and foreclose and take possession of Plaintiffs' home.

109.   As a result of Defendants' publication of the false statements, Plaintiffs suffered special damages, including but not limited to payment on non-negotiable Original Notes.

**COUNT V**
**(Conversion)**
**GMAC Mortgage, LLC, Ally Financial Inc., Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., U.S. Bank, N.A., U.S. Bank National Association ND, Deutsche Bank Trust Company Americas, Deutsche Bank National Trust Company, The Bank of New York Mellon, and Shapiro & Zielke, LLP**

110.   Plaintiffs incorporate each and every factual and legal allegation contained in this Complaint.

111.   Defendants were not entitled to enforce the Original Notes and were not entitled to receive payments on the notes from the Plaintiffs.

112.   Defendants accepted monthly mortgage payments from the Plaintiffs and wrongfully retained those payments thereby depriving Plaintiffs of their property.

113.   Law Firm acted as the agent of Defendants regarding the Jones Property, Singramdoo Property, Forte Property, Roster Property, Rucci Property, and Albers Property, thereby abetting the conversion.

114.   As a result of Defendants' conversion of Plaintiffs' property, Plaintiffs have been damaged.

## COUNT VI
### (Unjust Enrichment)
**GMAC Mortgage, LLC, Ally Financial Inc., Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., U.S. Bank, N.A., U.S. Bank National Association ND, Deutsche Bank Trust Company Americas, Deutsche Bank National Trust Company,
and The Bank of New York Mellon**

115.    Plaintiffs incorporate each and every factual and legal allegation contained in this Complaint.

116.    Plaintiffs conferred a financial benefit on the Defendants in the form of payments made to Defendants with the understanding that Defendants held legal title to and were holders in due course of Plaintiffs' Original Notes.

117.    Defendants knowingly accepted the financial benefit from Plaintiffs.

118.    Defendants' acceptance of payments from Plaintiffs is inequitable.

## COUNT VII
### (Civil Conspiracy)
**GMAC Mortgage, LLC, Ally Financial Inc., Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., U.S. Bank, N.A., U.S. Bank National Association ND, Deutsche Bank Trust Company Americas, Deutsche Bank National Trust Company, The Bank of New York Mellon, and Shapiro & Zielke, LLP**

119.    Plaintiffs incorporate each and every factual and legal allegation contained in this Complaint.

120.    Defendants and Law Firm were engaged in a civil conspiracy to commit fraud and intentionally misrepresent their status or the status of the principals as holders in due course of the Original Notes entitling them to foreclose on Plaintiffs' homes.

121.    Defendants were engaged in a civil conspiracy to convert Plaintiffs' monthly mortgage payments.

122.    Defendants and Law Firm did conspire and agree to commit fraud, misrepresentation, and conversion regarding the Jones Property, Singramdoo Property, Forte Property, Roster Property, Rucci Property, and Albers Property.

123.    As a result of the Defendants' and Law Firm's conspiracy, Plaintiffs have suffered damages and will continue to suffer damages, including the foreclosure of their Mortgages and loss of their homes.

### COUNT VIII
### (Breach of Fiduciary Duty)
### GMAC Mortgage, LLC, Ally Financial Inc., Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., U.S. Bank, N.A., U.S. Bank National Association ND, Deutsche Bank Trust Company Americas, Deutsche Bank National Trust Company, and The Bank of New York Mellon

124.    Plaintiffs incorporate each and every factual and legal allegation contained in this Complaint.

125.    Plaintiffs placed their trust and confidence in Defendants, who are sophisticated lenders.

126.    The Defendants had superior knowledge in matters concerning residential lending and securitization of notes.

127.    Defendants owed Plaintiffs a duty of good faith, fair dealing and honesty in all material matters, including information regarding the entity that held the promissory notes and could enforce the mortgages securing Plaintiff's property.

128.    Defendants breached the fiduciary duty they owed to Plaintiffs by failing to deal honestly and fairly with plaintiffs and by failing to disclose material information.

129.   As a result of the breach of fiduciary duty by Defendants, Plaintiffs have suffered damages and will continue to suffer damages, including foreclosure of their mortgages and loss of their homes.

## COUNT IX
### (Fraud)
**GMAC Mortgage, LLC, Ally Financial Inc., Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., U.S. Bank, N.A., U.S. Bank National Association ND, Deutsche Bank Trust Company Americas, Deutsche Bank National Trust Company, and The Bank of New York Mellon**

130.   Plaintiffs incorporate each and every factual and legal allegation contained in this Complaint.

131.   Defendants have falsely represented to Plaintiffs that they are holders in due course of Plaintiffs' Original Notes and Mortgages, that they are the real parties in interest entitled to enforce the Original Notes, and that they have legal standing to pursue a foreclosure remedy against Plaintiffs by recording false assignments of mortgages, notices of pendency of foreclosure and by publishing foreclosure sale notices.

132.   Defendant Mortgage Electronic Registration Systems, Inc. falsely represented to Plaintiff Welk that it was a holder in due course of Plaintiff Welk's Original Note and Mortgage, that it was the real party in interest entitled to enforce the Original Note, and that it had legal standing to pursue a foreclosure remedy against Plaintiff Welk.   Said false representations were made by recording assignments of mortgages, notices of pendency of foreclosure and by publishing foreclosure sale notices containing the false representations.

133.   Defendant U.S. Bank, N.A., As Trustee For Citigroup Mortgage Loan Trust Inc. falsely represented to Plaintiff Jones that it was a holder in due course of Plaintiff Jones's Original Note and Mortgage, that it was the real party in interest entitled to enforce the Original Note, and that it had legal standing to pursue a foreclosure remedy against Plaintiff Jones.  Said false representations were made by recording assignments of mortgages, notices of pendency of foreclosure and by publishing foreclosure sale notices containing the false representations.

134.   Defendant Deutsche Bank Trust Company Americas as Trustee falsely represented to Plaintiff Bigelow that it was a holder in due course of Plaintiff Bigelow's Original Note and Mortgage, that it was the real party in interest entitled to enforce the Original Note, and that it had legal standing to pursue a foreclosure remedy against Plaintiff Bigelow.  Said false representations were made by recording assignments of mortgages, notices of pendency of foreclosure and by publishing foreclosure sale notices containing the false representations.

135.   Defendant U. S. Bank, N.A. falsely represented to Plaintiffs Heinzman that it was a holder in due course of Plaintiffs Heinzman's Original Note and Mortgage, that it was the real party in interest entitled to enforce the Original Note, and that it had legal standing to pursue a foreclosure remedy against Plaintiffs Heinzman.  Said false representations were made by recording assignments of mortgages, notices of pendency of foreclosure and by publishing foreclosure sale notices containing the false representations.

136.   Defendant Deutsche Bank Trust Company Americas as Trustee falsely represented to Plaintiff Singramdoo that it was a holder in due course of Plaintiff Singramdoo's Original Note and Mortgage, that it was the real party in interest entitled to enforce the Original Note, and that it had legal standing to pursue a foreclosure remedy against Plaintiff Singramdoo.   Said false representations were made by recording assignments of mortgages, notices of pendency of foreclosure and by publishing foreclosure sale notices containing the false representations.

137.   Defendant GMAC Mortgage, LLC falsely represented to Plaintiffs Forte that it was a holder in due course of Plaintiffs Forte's Original Note and Mortgage, that it was the real party in interest entitled to enforce the Original Note, and that it had legal standing to pursue a foreclosure remedy against Plaintiffs Forte.   Said false representations were made by recording assignments of mortgages, notices of pendency of foreclosure and by publishing foreclosure sale notices containing the false representations.

138.   Defendant GMAC Mortgage, LLC falsely represented to Plaintiffs Roster that it was a holder in due course of Plaintiffs Roster's Original Note and Mortgage, that it was the real party in interest entitled to enforce the Original Note, and that it had legal standing to pursue a foreclosure remedy against Plaintiffs Roster.   Said false representations were made by recording assignments of mortgages, notices of pendency of foreclosure and by publishing foreclosure sale notices containing the false representations.

139.    Defendant Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-1, Mortgage Backed Pass-Through Certificates Series 2007-1 falsely represented to Plaintiff Rucci that it was a holder in due course of Plaintiff Rucci's Original Note and Mortgage, that it was the real party in interest entitled to enforce the Original Note, and that it had legal standing to pursue a foreclosure remedy against Plaintiff Rucci.   Said false representations were made by recording assignments of mortgages, notices of pendency of foreclosure and by publishing foreclosure sale notices containing the false representations.

140.    Defendant U.S. Bank National Association, As Trustee For The Structured Asset Securities Corporation, Series 2006-0Wl falsely represented to Plaintiff Klingner that it was a holder in due course of Plaintiff Klingner's Original Note and Mortgage, that it was the real party in interest entitled to enforce the Original Note, and that it had legal standing to pursue a foreclosure remedy against Plaintiff Klingner.    Said false representations were made by recording assignments of mortgages, notices of pendency of foreclosure and by publishing foreclosure sale notices containing the false representations.

141.    Defendant Deutsche Bank: National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust 2004-AR13, Mortgage Pass-Through Certlficates, Series 2004-AR13 under the Pooling and Servicing Agreement dated November 1, 2004 falsely represented to Plaintiff Albers that it was a holder in due course of Plaintiff Albers's Original Note and Mortgage, that it was the real party in interest entitled to enforce the Original Note, and that it had legal standing to pursue a foreclosure remedy

against Plaintiff Albers.  Said false representations were made by recording assignments of mortgages, notices of pendency of foreclosure and by publishing foreclosure sale notices containing the false representations.

142.   Defendant U.S. Bank, N.A. falsely represented to Plaintiff Patterson that it was a holder in due course of Plaintiff Patterson's Original Note and Mortgage, that it was the real party in interest entitled to enforce the Original Note, and that it had legal standing to pursue a foreclosure remedy against Plaintiff Patterson.   Said false representations were made by recording assignments of mortgages, notices of pendency of foreclosure and by publishing foreclosure sale notices containing the false representations.

143.   Defendant U.S. Bank National Association ND falsely represented to Plaintiffs Konobeck that it was a holder in due course of Plaintiffs Konobeck's Original Note and Mortgage, that it was the real party in interest entitled to enforce the Original Note, and that it had legal standing to pursue a foreclosure remedy against Plaintiffs Konobeck.  Said false representations were made by recording assignments of mortgages, notices of pendency of foreclosure and by publishing foreclosure sale notices containing the false representations.

144.   Defendant GMAC Mortgage, LLC falsely represented to Plaintiffs Miklas that it was a holder in due course of Plaintiffs Miklas's Original Note and Mortgage, that it was the real party in interest entitled to enforce the Original Note, and that it had legal standing to pursue a foreclosure remedy against Plaintiffs Miklas.   Said false representations were made by recording assignments of mortgages, notices of pendency

of foreclosure and by publishing foreclosure sale notices containing the false representations.

145.   Defendant Deutsche Bank. National Trust Company, as Trustee for the Registered Holder of EquiFirst Mortgage Loan Trust 2005-1 Asset-Backed Certificates, Series 2005-1 falsely represented to Plaintiffs Tibke that it was a holder in due course of Plaintiffs Tibke's Original Note and Mortgage, that it was the real party in interest entitled to enforce the Original Note, and that it had legal standing to pursue a foreclosure remedy against Plaintiffs Tibke.   Said false representations were made by recording assignments of mortgages, notices of pendency of foreclosure and by publishing foreclosure sale notices containing the false representations.

146.   Defendants knew, or should have known, that the representations were false.

147.   Defendants, with their false representations, intended to induce Plaintiffs to forebear from asserting their legal rights to challenge foreclosure.

148.   As a result of Defendants' false representations, Plaintiffs did not assert their legal rights earlier and now have clouded title or face the loss of their home.

149.   As a result of Plaintiffs' inability to meet the obligations under the Original Notes and Mortgages, Defendants have indicated intent to foreclose Plaintiffs' Mortgages.

150.   Defendants' foreclosure of Plaintiffs' Mortgages will cause Plaintiffs to suffer pecuniary damages in the form of the loss of the equity in their home, the costs to

secure new housing, and the costs associated with the damage to their credit histories caused by foreclosure.

## COUNT X
### (Negligent Misrepresentation)
**GMAC Mortgage, LLC, Ally Financial Inc., Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., U.S. Bank, N.A., U.S. Bank National Association ND, Deutsche Bank Trust Company Americas, Deutsche Bank National Trust Company, The Bank of New York Mellon, and Shapiro & Zielke, LLP**

151.    Plaintiffs incorporate each and every factual and legal allegation contained in this Complaint.

152.    Defendants and Law Firm owed Plaintiffs a duty of reasonable care in conveying information relevant to Plaintiffs' decisions to assert their legal right to challenge Defendants' status as legal owners and holders in due course entitled to enforce the Original Notes and Mortgages.

153.    Defendants represented to Plaintiffs that they, or their principal, had the right to foreclose Plaintiffs' mortgages.

154.    Law Firm represented to Plaintiffs Jones, Singramdoo, Forte, Roster, Rucci, and Albers that its clients had the right to foreclose Plaintiffs' mortgages.

155.    Plaintiffs reasonably relied on misrepresentations by Defendants, sophisticated lenders and a law firm, in deciding to forebear from asserting their legal rights to challenge Defendants' ability to enforce the Original Notes and foreclose the Mortgages, and this reliance is the proximate cause of Plaintiffs' damages.

156.    As a result of Defendants' misrepresentations, Plaintiffs have suffered damages and will continue to suffer damages including the foreclosure of their Mortgages and loss of their homes.

## COUNT XIV
### (Fraud)
### Shapiro & Zielke, LLP

157.    Plaintiffs incorporate each and every factual and legal allegation contained in this Complaint.

158.    Law Firm has conducted false and fraudulent non-judicial foreclosures against Plaintiffs Jones, Singramdoo, Forte, Roster, Rucci, and Albers.

159.    Law Firm has commenced non-judicial foreclosures by preparing and executing assignments of mortgage without (a) obtaining express approval from the of-record mortgagee and legal owner of the mortgage; and (b) without verifying that the mortgage assignee was the actual owner of Plaintiffs' debt and/or the holder of Plaintiffs' Original Note.

160.    Law Firm made affirmative representations by, among other things, personally contacting Plaintiffs Jones, Singramdoo, Forte, Roster, Rucci, and Albers and fraudulently representing that its clients were the owners of the Plaintiffs' debts and/or were a holder of the Plaintiffs' notes.  Law Firm acted with reckless disregard as to the truth of the representation.

161.    Law Firm made these affirmative representations with the intent that Plaintiffs rely on Law Firm's misrepresentation, and Plaintiffs Jones, Singramdoo, Forte, Roster, Rucci, and Albers did so rely by, among other things, forbearing from asserting

their rights to challenge the misrepresentation prior to the Sheriff's Sales of their property.   Plaintiffs have suffered pecuniary damages as a result of Law Firm's fraudulent representations including, but not limited to, damage to their credit and incurring attorney's fees.

### COUNT XII
### (Equitable Estoppel)
### GMAC Mortgage, LLC, Ally Financial Inc., Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., U.S. Bank, N.A., U.S. Bank National Association ND, Deutsche Bank Trust Company Americas, Deutsche Bank National Trust Company, The Bank of New York Mellon, and Shapiro & Zielke, LLP

162.   Plaintiffs incorporate each and every factual and legal allegation contained in this Complaint.

163.   Defendants induced Plaintiffs to forebear from pursuing their legal right to challenge Defendants' legal standing to foreclose on their home by representing that they held clear valid title to Plaintiffs' Original Notes.

164.   Law Firm induced the Plaintiffs Jones, Singramdoo, Forte, Roster, Rucci, and Albers to forebear from pursuing their legal right to challenge the legal standing of to foreclose on their homes by representing that Defendants held clear, valid title to Plaintiff's Original Notes.

165.   Plaintiffs reasonably relied on these representations.

166.   If Defendants are not precluded from foreclosing on Plaintiffs' homes and the Mortgages recovered, Plaintiffs will suffer irreparable harm.

## COUNT XIII
### (Accounting)
**GMAC Mortgage, LLC, Ally Financial Inc., Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., U.S. Bank, N.A., U.S. Bank National Association ND, Deutsche Bank Trust Company Americas, Deutsche Bank National Trust Company,
and The Bank of New York Mellon**

167.    Plaintiffs incorporate each and every factual and legal allegation contained in this Complaint.

168.    Plaintiffs' Original Notes are contained within PSAs that are filed with the Federal Securities and Exchange Commission, which required detailed financial reports and accounting.

169.    The PSAs administered millions of dollars of payments made to Certificate Holders.

170.    Plaintiffs demand an accounting to determine the amount of debt owed, if any, to the PSA and Certificate Holders.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek judgment:

A.    An Order quieting title in the properties to Plaintiffs and removing Defendants' invalid liens and determining that Defendants have no estate, interest, or lien on the premises;

B.    Determining that the controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment under the Minnesota Declaratory Judgment Act, Minn. Stat. § 551.01 et seq.;

C.      Determining that Defendants have no estate, interest, or lien on the premises;

D.      Declaring that Plaintiffs' Original Notes are void negotiable instruments and any alleged debt owed is subject to Plaintiffs' claims and defenses;

E.      Granting Plaintiffs money damages in an amount to be determined by the jury;

F.      Return of all sums paid to Defendants and their predecessors in interest;

G.      Granting an award of special damages against Defendant Reiter & Schiller, P.A. in an amount to be determined at trial; and

H.      Such other and further relief as the Court deems just and equitable.

**PLAINTIFFS HEREBY DEMAND A JURY TRIAL.**

Dated:  October 14, 2011                    BUTLER LIBERTY LAW, LLC


                                            /s/ William B. Butler
                                            William Bernard Butler (#227912)
                                            33 South Sixth Street, Suite 4100
                                            Minneapolis, MN  55402
                                            (612) 630-5177

                                            ATTORNEY FOR PLAINTIFFS