UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Heather L. Welk, Susie B. Jones, William Bigelow, Christine Heinzman and Mark Heinzman, Sigmond Singramdoo, Troy Forte and Lynn M. Forte, David J. Roster and Charity Roster, Patrick Rucci, Gary G. Klingner, Rebecca A. Albers, Ian Patterson, James Willis Konobeck, Jr. and Alison Konobeck, Tracy J. Miklas and Michelle L. Miklas, and Dane A. Tibke and Amy B. Tibke,<br><br>                Plaintiffs,<br><br>v.<br><br>GMAC Mortgage, LLC, Ally Financial Inc., Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., U.S. Bank, N.A., U.S. Bank National Association ND, Deutsche Bank Trust Company Americas, Deutsche Bank National Trust Company, The Bank of New York Mellon fka The Bank of New York, and Shapiro & Zielke, LLP,<br><br>                Defendants. | Civil No.: 11-cv-02676 (PJS/JJK)<br><br>**PLAINTIFFS SUPPLEMENTAL MEMORANDUM** |

## INTRODUCTION

In its order of March 29, 2012, this court requested supplemental briefing regarding subject matter jurisdiction. Specifically, this court requested that the parties address the issue of the court's jurisdiction over Plaintiff Heather Welk's property and claims. Plaintiffs submit this memorandum pursuant to the court's Order.

## FACTS

Heather Welk("Welk") is a plaintiff in this matter. The instant case was commenced on August 22, 2011 (Butler Affidavit Memorandum in Support of Remand, Ex. 1). The case was removed to Federal Court on September 16, 2011. (Docket 1).

Prior to removal, on August 8, 2011, Defendant Bank of New York Mellon ("BNYM") commenced an eviction proceeding against Welk in Ramsey County District Court. (Butler Second Affidavit, Ex. 1). Welk answered and brought a motion for a stay of the proceedings pending the outcome of the quiet title matter. (Butler Second Affidavit Ex. 2). The parties eventually executed a stipulation, agreeing that BNYM would take no further action pending order of the state court or federal district court[1]. (Butler Second Affidavit Ex. 3). The case has been closed by the state court.

## ARGUMENT

### I.   THIS IS AN IN REM PROCEEDING

It is undisputed that the Plaintiffs in the instant case seek a determination as to the validity of the Defendants' interest in their properties.[2] An in rem action is an action where a court seeks to determine interests in specific property as against the whole world. *Nevada v. South Fork Band of Te-Moak Tribe of W. Shoshone Indians,* 339 F.3d 804, 814 (9th Cir. 2003). "Where a parties' interests in the property… serve as the basis of the

---

[1] The stipulation prohibits either party from using the stipulation for any purpose in this case, Plaintiffs produce it solely for the purpose of complying with this court's order that the parties advise the court of the status of the eviction proceeding.  The submission of the Stipulation is not intended to advance Plaintiffs' cause, arguments, or in any way bolster their position in this case.

[2] *See* Defendants' Memorandum in Support of Motion to Dismiss, pg. 2 (All of Plaintiffs' legal claims are based on single theory challenging the validity of the mortgages purportedly held by Defendants).

jurisdiction" the action is quasi in rem. *Id., see also* Blacks Law Dictionary, 1245 (6th ed. 1990). For example, Federal quiet title actions, which do not "determine interests in specific property as against the whole world," but are brought against a defendant personally, are quasi in rem actions; "the [parties'] interest[s] in the property ... serve[ ] as the basis of the jurisdiction." *U.S. v. One Oil Painting entitled Femme En Blanc by Pablo Picasso,* 362 F.Supp. 2d 1175, 1180 (CD CA 2005*) citing State Engineer v. South Fork Bank of the Te-Moak Tribe of Western Shoshone Indians,* 339 F.3d 804, 811 (9th Cir.2003).

The characterization of an action as in rem, quasi in rem or in personam requires the court to "look behind the form of the action [s] to the gravamen of [the] complaint [s] and the nature of the right[s] sued on."651 F.3d at 1044. "An essential characteristic … of a proceeding *in rem* is that there must be a *res* or subject-matter upon which the court is to exercise its jurisdiction." *Overby v. Gordon*, 177 U.S. 214, 221 (1900). An in rem action includes those "where the relief sought is an adjudication respecting the title to or validity of alleged liens upon real estate situate within the jurisdiction of the court." *Id. citing Roller* v. *Holly*, 176 U. S. 398 (1900).

Where an action is in rem or quasi in rem, the effect is to draw to the court the possession or control, actual or constructive, of the res. 339 F.3d at 810. Any exercise of jurisdiction by any other court thus necessarily impairs or defeats the jurisdiction of the court already having control of the res. *Id.* Whether the case is styled in personam or in

rem is irrelevant. *Id.* "Lest we exalt form over necessity, we look behind the form of the action to the gravamen of a complaint and the nature of a right sued on." *Id.*

In *Nevada,* the State brought a contempt action against the South Fork Band of the Te-Moak Tribe of Western Shoshone Indians ("the tribe") arguing that the tribe had failed to comply with the Humboldt Decree which permitted the State to regulate the waterways on tribal land. *Id.* at 808. The United States was joined as a necessary party and it removed the case to Federal court. *Id.* Both the Federal court and the State court enjoined the other from conducting further proceedings. *Id.* The Federal district court finally decided that though it had concurrent jurisdiction, it would abstain and remanded the case. *Id.* All parties appealed. *Id.*

The tribe and the Federal government argued that the rule of prior exclusive jurisdiction did not apply because contempt actions are in personam. *Id.* The 9th Circuit disagreed, explaining that "there can be no serious dispute the contempt action was brought to enforce a decree over a res-i.e. the Humboldt River." *Id* at 811. The Court concluded that "because this is not a suit where the court hearing the second suit can adjudicate personal claims to property without disturbing the first court's jurisdiction over the res, the contempt proceeding cannot be termed strictly in personam." *Id.* The Court held that "the action is quasi in rem and the doctrine of prior exclusive jurisdiction applies." *Id.* The action was therefore properly remanded to State court. *Id.* at 814.

In the instant case, Plaintiffs brought suit challenging the validity of the mortgages encumbering their properties. (Amended Complaint ¶ 95). Though Plaintiffs

have brought other claims, each of those claims relates to the mortgages encumbering Plaintiffs' properties. Counts II and III of the Amended Complaint challenge the Defendants' standing to foreclose the mortgages. Count IV is a slander of title claim, alleging that the Defendants recorded invalid encumbrances. Count V and VI relate to the Defendants collection of payments on the invalid mortgages and notes that the Defendants were not entitled to collect. Count VII, conspiracy, arises out of Plaintiffs' allegations that the Defendants collected payments that they were not entitled to receive.

Counts VIII, IX, X, XI, XII all relate to Defendants' false representations regarding the validity of the mortgages and their right to foreclose. Finally, Count XIII is a demand for an accounting of the mortgage payments that the Defendants received and retained on the basis of the invalid mortgages.

Plaintiffs are quite obviously challenging the Defendants' right to foreclose on the property. A foreclosure by advertisement is in rem. "A foreclosure by advertisement takes place without recourse to the courts, and is a proceeding *in pais, ex parte,* and *in rem." Fraser v. Fraser,* 702 N.W.2d 283, 288 (Minn. App. 2005), citing Norwest Bank Hastings Nat'l Assoc. v. Franzmeier,* 355 N.W.2d 431, 433 (Minn.App.1984).

As in the *Nevada* case, the nature of the right sued on in this case is paramount. Formalistic distinctions make no difference. 339 F.3d at 810. It cannot be seriously disputed that the claims in this case are brought to challenge the mortgages encumbering Plaintiffs' properties. The purpose of the claims is to adjudicate the parties' rights in the properties. Indeed, the Defendants concede that the basis for all the claims in this case is

Plaintiffs' claims that the mortgages encumbering their property are invalid.[3] This case is clearly a quasi in rem action.

## II.     AN EVICTION PROCEEDING IS IN REM

An eviction proceeding is an action for the right to possession of real property. *Federal Home Loan Mortgage Corp. v. Nedashovsky,* 801 N.W.2d 190, 192 (Minn. App. 2011). An action for possession of property is an in rem action. *Curran v. Nash,* 29 N.W.2d 436, 439 (Minn. 1947) *citing Pennoyer v. Neff*, 95 U.S. 714 (1878). While Plaintiffs have been unable to locate any Minnesota authority directly on point, the United States Supreme Court's discussion in *Greene v. Lindsay,* 456 U.S. 444 (1982) is instructive. In *Greene,* a group of plaintiffs brought suit against alleging that the Kentucky statute that permitted service of an eviction proceeding by posting was unconstitutional. 444 U.S. at 446. On cross motions for summary judgment, the district court granted judgment in favor of the defendant sheriffs. *Id.*

On appeal, the 6th Circuit reversed. *Id.* at 448. Defendant Sheriffs appealed and the Supreme Court affirmed. *Id.* The Sheriffs argued that posting was adequate service in an in rem action, as traditionally notice need only be made on the property in an in rem proceeding[4]. *Id.* at 450. The Court acknowledged the traditional underpinnings of the

---

[3] *See* Defendants' Memorandum in Support of their Motion to Dismiss, *supra.*
[4] Minnesota eviction proceedings, like those in Kentucky, permit posting of service if the defendant cannot be located, presumably based on the same theory that an eviction is an in rem proceeding and service can be accomplished by posting the real property that is at issue. *See* Minn. Stat. §504B.331 (d). The Minnesota statute also provides that even if the notice is posted, it must also be mailed, which is the remedy proposed by the United States Supreme Court in *Green.*

Kentucky service requirements and their roots in the nature of in rem proceedings, but concluded:

> The character of the action reflects the extent to which the court purports to extend its power, and thus may roughly describe the scope of potential adverse consequences to the person claiming a right to more effective notice. But " '[a]ll proceedings, like all rights, are really against persons.' " In this case, appellees have been deprived of a significant interest in property: indeed, of the right to continued residence in their homes. In light of this deprivation, it will not suffice to recite that because the action is *in rem* it is only necessary to serve notice "upon the thing itself."

*Id.* at 450-51.

The Court also noted that though eviction proceedings in Kentucky are summary proceedings, that did not change the nature of the proceeding or change the service requirements: "After all, detainer proceedings, while in some sense "summary," are *proceedings* in which issues of fact and law are to be resolved, and **important interests in property determined**". *Id.* at 451(emphasis added). The Court concluded that service by notice alone was inadequate because it deprived the tenants of a **property right** without due process of law. *Id.* at 456.(emphasis added).

The Court thus recognized, in the context of a case regarding adequate notice, that an eviction proceeding, though summary in nature is an in rem proceeding because it involves a determination of property rights. Similarly, the 8th Circuit concluded, in a bankruptcy proceeding, that an unlawful detainer action was an in rem proceeding in Minnesota. In *In re Stephens,* 53 Fed. Appx 392 (8th Cir. 2002) the court reviewed whether an unlawful detainer filed in Minnesota state court violated a discharge

injunction. 53 Fed. Appx. at 392. The district court concluded that an unlawful detainer action did not violate the discharge injunction because the discharge injunction frees a debtor only from in personam liability and an unlawful detainer action was in rem. *Id.*

While neither of these cases is directly on point, both recognize the traditional distinction that where a proceeding seeks to determine rights in property, it is in rem. Possession of property is a "right in property". Further, the fact that Minnesota statutes in eviction proceedings preserve the Plaintiff's right to serve by posting the property supports the proposition that an eviction proceeding is an in rem proceeding. There is no authority that remotely supports the proposition that an eviction proceeding is an in personam proceeding in Minnesota. This court can only conclude that an eviction proceeding is in rem.

### III.   THIS COURT IS PRECLUDED FROM EXERCISING JURISDICTION BECAUSE STATE COURT JURISDICTION ATTACHED BEFORE REMOVAL

Ordinarily "the pendency of an action in the State court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Exxon Mobile Corp. v. Saudie Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). However, under certain circumstances "comity or abstention doctrines may, in various circumstances, permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation." *Id.* One of these circumstances is the "the ancient and oft-repeated… doctrine of prior exclusive jurisdiction- that when a court of competent jurisdiction has

obtained possession, custody, or control of particular property, that possession may not be disturbed by any other court." 339 F.3d at 809, *citing* 14 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice and Procedure* §3631 at 8 (3d ed. 1998).

"If a court of competent jurisdiction, Federal or state, has taken possession of property, or by its procedure has obtained jurisdiction over the same, such property is *withdrawn from the jurisdiction of the courts of the other authority* as effectually as if the property had been entirely removed to the territory of another sovereignty." *Palmer v. Texas,* 212 U.S. 118, 125 (1909)*, (emphasis added).* Thus when one court is exercising in rem or quasi in rem jurisdiction over a res, a second court **may not** assume jurisdiction over the same res. *Marshall v. Marshall*, 547 U.S. 293, 311 (2006) (emphasis added).

Whether a federal court has jurisdiction of a case is determined at the time the case is removed. *Wamp v. Chattanooga Housing Authority,* 384 F.Supp. 251, 253 (Tenn. D. 1974), *citing American Fire & Casualty Company v. Finn*, 341 U.S. 6 (1951). Subsequent developments in a case are irrelevant. *Pullman Co. v. Jenkins,* 305 U.S. 534, 537, 59 S.Ct. 347, 348, 83 L.Ed. 334 (1939); *Great Northern Ry. Co. v. Alexander,* 246 U.S. 276, 281, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918); *Sunny Acres Skilled Nursing v. Williams,* 731 F.Supp. 1323, 1325 (N.D.Ohio 1990); *Hood v. Security Bank of Huntington,* 562 F.Supp. 749, 750 (S.D.Ohio 1983); 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶¶ 0.157 "It has long been the case that "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570, *citing Mollan v. Torrance,* 9 Wheat. 537,

539, 6 L.Ed. 154 (1824). "This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure. *Id.* at 570-71.

Here, the eviction matter was commenced on August 8, 2011. This case was not removed until September 16, 2011. This court did not have jurisdiction at the time of removal and thus does not have jurisdiction now. That the eviction case is closed does not alter this determination because a determination regarding this court's jurisdiction is made at the time the case was removed.

Moreover, if this court does not have jurisdiction over the Welk portion of the case, and it clearly does not, then it does not have jurisdiction over any of the other claims in the case. While 28 U.S.C. §1441 (c) permits the court to remand a portion of a case if it does not have jurisdiction and retain those claims over which it has jurisdiction, the claims that are retained must be "separate and independent". 28 U.S.C. §1441 (c). This provision has never been interpreted as an expansion of federal court jurisdiction, but instead, was an attempt by Congress to "limit removal from state courts." *American Fire and Casualty Company v. Finn,* 341 U.S. 6, 9 (1951).

It appears well settled that a court must resolve whether the federal claim is "separate and independent" from the state law claims as a predicate to the application of § 1441(c). *See Salei v. Boardwalk Regency Corp.,* 913 F.Supp. 993, 1000-01 (E.D.Mich.1996); *Padilla v. City of Saginaw,* 867 F.Supp. 1309, 1312 (E.D.Mich.1994); *Williams v. Huron Valley School District,* 858 F.Supp. 97, 99-100 (E.D.Mich.1994); *Moralez v. Meat Cutters Local 539,* 778 F.Supp. 368, 370 (E.D.Mich.1991); *Kabealo v. Davis,* 829

F.Supp. 923, 926 (S.D.Ohio 1993), *aff'd,* 72 F.3d 129 (6th Cir.1995); *City of New Rochelle v. Town of Mamaroneck,* 111 F.Supp.2d 353, 372 (S.D.N.Y.2000); *Hickerson v. City of New York,* 932 F.Supp. 550, 558 (S.D.N.Y.1996). Courts have relied upon the Supreme Court's opinion in *American Fire and Casualty Company v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951) to define "separate and independent" claims under § 1441(c). *See, e.g., Moralez,* 778 F.Supp. at 370 (citing *Finn* ). The *Finn* Court stated that where there is a single wrong for which relief is sought, "arising from an interlocked series of transactions, there is no separate and independent claim or cause of action." *Id.* at 14.

The standard enunciated in *Finn* is coextensive with the definition of supplemental jurisdiction. *See Salei,* 913 F.Supp. at 1003-04; *Padilla,* 867 F.Supp. at 1315; *Williams,* 858 F.Supp. at 99-100; *Moralez,* 778 F.Supp. at 370. A district court may exercise supplemental jurisdiction over state law claims when those claims "are so related to [the federal claims] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). State and federal claims "form part of the same case or controversy" when they "derive from a common nucleus of operative fact." *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Thus, comparing the *Finn* standard to the requirements of supplemental jurisdiction, it is clear that claims which derive from a "common nucleus of operative fact" *cannot* be "separate and independent" for purposes of § 1441(c). *See Salei,* 913 F.Supp. at 1003-04; *Padilla,* 867 F.Supp. at 1315; *Williams,* 858 F.Supp. at 99-100; *Moralez,* 778 F.Supp. at 370.

Here, this court has held that all of Plaintiffs' claims arise out of a single theory, or a single wrong, that Defendants have attempted to foreclose without possession of the note.[5] (*Welk* Order pg. 45) There is therefore a single wrong and the claims derive from a common nucleus of operative fact and cannot be separate and independent. This court does not have jurisdiction of this case.

## IV.   DEFENDANTS ARE NOT ENTITLED TO FEES PURSUANT TO 28 U.S.C. §1927

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Three **substantial requirements** must be met before liability can be imposed under §1927:  1) multiplication of proceedings by an attorney or other person; 2) conduct that can be characterized as unreasonable and vexatious; and 3) a resulting increase in the cost of the proceedings." *Hildahl v. Gilpin County Dept. of Human Serv.*, 699 F.Supp. 846, 849 (D. Colo. 1988) (*citing Compana v. Muir,* 615 F.Supp. 871, 894 (M.D. Pa. 1985); *affd*, 786 F.2d 188 (3d Cir. 1986)).

### A.   THERE HAS BEEN NO MULTIPLICATION OF PROCEEDINGS.

Section 1927 is meant to apply only when an attorney **needlessly delays ongoing litigation**. *Overnight Transport Co. v. Chicago Industrial Tire*, 697 F.2d 789, 794 (7th

---

[5] Plaintiffs do not waive their claim that this is not their theory of the case.

Cir. 1983) (emphasis added). "Challenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment." 541 U.S. at 571, *citing Capron v. Van Noorden,* 2 Cranch 126, 2 L.Ed. 229 (1804).)

It is difficult to see how the court may require Attorney Butler to pay fees when Plaintiffs have raised an objection to subject matter jurisdiction that is properly before the court and may be raised at any time. Any objection to subject matter is properly before this court no matter when it is raised and cannot be a needless delay of the proceedings when it is plausible on its face, as it is here.

### B. THE CLAIMS IN THIS CASE ARE NOT VEXATIOUS AND UNREASONABLE.

Prior to imposing sanctions for vexatious and unreasonable multiplication of the proceedings, the court must find that the attorney acted in bad faith. *Nat'l Ass'n for the Advancement of Colored People Special Contribution Fund v. Atkins*, 908 F.2d 336, 340 (8th Cir. 1990). "The standard for imposing sanctions under § 1927 is more stringent than the standard under Rule 11." *Mortice,* 283 F.Supp.2d at 1088. "In particular, while Rule 11 requires only a showing of objective unreasonableness, § 1927 requires that the party seeking sanctions prove that counsel acted in subjective bad faith." *Id.*

There is no evidence here that Attorney Butler acted in bad faith when he brought a subject matter jurisdiction motion. First, the claim is properly before the court, even after the court held a hearing on motions to dismiss. Second, and most importantly, the motion is plausible and has merit. Defendants removed the case, jurisdiction is their

burden. That they must respond to a plausible motion to remand does not demonstrate bad faith on the part of Attorney Butler. There is no authority for the proposition that attorney fees are appropriate under 28 U.S.C. §1927 when a plaintiff makes a motion challenging the federal court's jurisdiction. It is difficult to see how a court could determine that such a challenge was in bad faith when the challenge is plausible (and this one is as evidenced by the court's request for additional briefing on the matter) and challenges to jurisdiction can be raised at any time before judgment.

## CONCLUSION

Quiet title action such as this one are clearly quasi in rem proceedings as are eviction proceedings. Because the Minnesota state court took jurisdiction of one of the properties in this case prior to removal, this court does not have jurisdiction. Attorney fees under 28 U.S.C. §1927 are not appropriate when a party appropriately brings a subject matter jurisdiction challenge. Plaintiffs respectfully request that this case be remanded to state court.

Dated: April 12, 2012                                BUTLER LIBERTY LAW, LLC


                                                     s/William Bernard Butler
                                                     William Bernard Butler (227912)
                                                     33 South Sixth Street
                                                     Suite 4100
                                                     Minneapolis, Minnesota 55402
                                                     (612) 630-5177

                                                     *ATTORNEY FOR PLAINTIFFS*