UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HEATHER L. WELK, SUSIE B. JONES, WILLIAM BIGELOW, CHRISTINE HEINZMAN, MARK HEINZMAN, SIGMOND SINGRAMDOO, TROY FORTE, LYNN M. FORTE, DAVID J. ROSTER, CHARITY ROSTER, PATRICK RUCCI, GARY G. KLINGNER, REBECCA A. ALBERS, IAN PATTERSON, JAMES WILLIS KONOBECK, JR., ALISON KONOBECK, AMY B. TIBKE, DANE A. TIBKE, TRACY J. MIKLAS, and MICHELLE L. MIKLAS,<br><br>                        Plaintiffs,<br><br>v.<br><br>GMAC MORTGAGE, LLC; ALLY FINANCIAL, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MERSCORP, INC.; U.S. BANK, N.A.; DEUTSCHE BANK TRUST COMPANY AMERICAS; SHAPIRO & ZIELKE, LLP; U.S. BANK NATIONAL ASSOCIATION ND; DEUTSCHE BANK NATIONAL TRUST COMPANY; THE BANK OF NEW YORK MELLON, f/k/a The Bank of New York,<br><br>                        Defendants. | Case No. 11-CV-2676 (PJS/JJK)<br><br><br><br><br><br><br><br><br>ORDER |

    William B. Butler, BUTLER LIBERTY LAW, LLC; Susanne M. Glasser, GLASSER LAW LLC, for plaintiffs.

    Charles F. Webber, Trista M. Roy, FAEGRE BAKER DANIELS LLP, for defendants GMAC Mortgage, LLC; Ally Financial, Inc.; MERSCORP, Inc.; Deutsche Bank Trust Company Americas; and The Bank of New York Mellon.

    Kirstin D. Kanski, William P. Wassweiler, LINDQUIST & VENNUM PLLP; Charles F. Webber, Trista M. Roy, FAEGRE BAKER DANIELS LLP, for defendant Mortgage Electronic Registration Systems, Inc.

Brian L. Vander Pol, DORSEY & WHITNEY LLP; Charles F. Webber, Trista M. Roy, FAEGRE BAKER DANIELS LLP, for defendants U.S. Bank, N.A.; U.S. Bank National Association ND.

Amanda M. Govze, Kristine M. Spiegelberg Nelson, SHAPIRO & ZIELKE, LLP, for defendant Shapiro & Zielke, LLP.

Frederick S. Levin, DYKEMA GOSSETT LLP; Kirstin D. Kanski, William P. Wassweiler, LINDQUIST & VENNUM PLLP; Jared D. Kemper, FOLEY & MANSFIELD, PLLP, for defendant Deutsche Bank National Trust Company.

On March 29, 2012, the Court entered a lengthy order disposing of a number of motions, including plaintiffs' motions to remand and defendants' motions to dismiss and for sanctions. The Court denied plaintiffs' motions to remand in almost all respects, dismissed almost all of plaintiffs' claims, imposed a $50,000 sanction on plaintiffs' counsel William Butler under Fed. R. Civ. P. 11, and ordered Butler to pay a portion of defendants' attorney's fees pursuant to 28 U.S.C. § 1927.

The Court left open two matters: (1) a determination of whether the Court has jurisdiction over plaintiff Heather Welk's claims and (2) the amount of the attorney's fees to be awarded under § 1927 against Butler. Before turning to those matters, however, the Court addresses the effect of the recent bankruptcy filing of defendant GMAC Mortgage, LLC ("GMAC").

### A. GMAC's Bankruptcy

GMAC recently notified the Court that it has filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code. *See* ECF No. 134. The filing of a bankruptcy petition automatically stays "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement" of the bankruptcy proceeding. 11 U.S.C. § 362(a)(1).

At the Court's request, the parties filed short memoranda addressing the effect of GMAC's bankruptcy filing on the Court's ability to dispose of this case. GMAC states, and the Court agrees, that the Court cannot enter judgment in GMAC's favor, even though the Court has already determined that the claims against GMAC should be dismissed. *See Ellis v. Consol. Diesel Elec. Corp.*, 894 F.2d 371, 372-73 (10th Cir. 1990) (district court lacked power to enter summary judgment in debtor's favor while automatic stay was in effect). GMAC also states, and the Court also agrees, that the Court cannot award attorney's fees to GMAC, even though the Court has already determined that GMAC is entitled to such fees.

With respect to the other defendants, the parties generally agree that the Court can adjudicate the remaining issues as to them. *See Am. Prairie Constr. Co. v. Hoich*, 560 F.3d 780, 789 (8th Cir. 2009) ("'It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants.'" (quoting *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986)). Defendants Ally Financial, Inc., and the Bank of New York Mellon acknowledge, however, that as a practical matter the Court cannot award attorney's fees to them at this time because they submitted a joint fee request with GMAC and the fees cannot be allocated among those three defendants.

In addition, plaintiffs argue that, to the extent that the non-GMAC defendants incurred fees in defending against claims by plaintiffs who also have claims against GMAC, the Court cannot award those fees. The Court does not agree. There is no reason why the non-GMAC defendants (with the exception of Ally Financial, Inc. and Bank of New York Mellon) cannot be awarded their fees at this time. Those defendants are not in bankruptcy, and they incurred fees

not in defending frivolous claims against GMAC, but in defending frivolous claims against themselves — fees that they are entitled to recover from Butler.

*B. Jurisdiction*

Plaintiffs moved to remand this case to state court on the basis of the doctrine of prior exclusive jurisdiction. As the Court explained in its earlier order, that doctrine precludes a court from exercising in rem jurisdiction over a piece of property in two circumstances: (1) when another court, whose jurisdiction attached first, is also exercising in rem jurisdiction over the same piece of property in a pending, concurrent case; or (2) when another court has some sort of specialized, continuing jurisdiction over the same piece of property, even in the absence of a pending, concurrent case. The Court concluded that plaintiffs' argument lacked merit as to all plaintiffs except Heather Welk. As to Welk, the Court asked for further briefing on the effect of a state-court unlawful-detainer action involving Welk that was pending at the time of removal. At the Court's request, the parties briefed the following questions:

1. whether this proceeding is in rem;

2. whether the *Welk* unlawful-detainer action was in rem;

3. whether the *Welk* unlawful-detainer action was still pending; and

4. whether the pendency of the *Welk* unlawful-detainer action at the time that this action was removed precludes this Court from exercising jurisdiction over Welk's claims.

Having reviewed the parties' submissions, the Court finds that it need not resolve the first two questions because, even if both this proceeding and the *Welk* unlawful-detainer action are in rem, this Court may properly exercise jurisdiction over Welk's claims and, by extension, the

claims of the other plaintiffs.[1] The Court emphasizes that, for purposes of its discussion, it assumes, but does not decide, that plaintiffs are correct that both this action and the unlawful-detainer action are in rem. Several judges of this district have already rejected plaintiffs' argument, however. *See, e.g., Pope v. Wells Fargo Bank, N.A.*, No. 11-2496 (SRN/FLN), 2012 WL 1886493, at *5 (D. Minn. May 23, 2012) ("contrary to Plaintiffs' argument, an eviction action is *in personam*, not *in rem*"); *Olson v. Bank of America, N.A.*, No. 11-3710 (PAM/FLN), 2012 WL 1660615, at *3 (D. Minn. Apr. 19, 2012) (same).

The Court begins by acknowledging that it, like the parties, has treated plaintiffs' prior-exclusive-jurisdiction argument as raising an issue of subject-matter jurisdiction. On further reflection, though, the Court concludes that it and the parties have been mistaken, because in rem jurisdiction is not a type of subject-matter jurisdiction.[2] No plaintiff could proceed in federal court merely by alleging that the court has in rem jurisdiction over a piece of property. Likewise, no defendant could remove a state-court action to federal court merely on the basis

---

[1] It appears to the Court that Welk has pleaded claims against GMAC. *See* ECF No. 127 at 1 (defendants' memorandum stating that GMAC and several other defendants "are associated with Welk's loan, so they are the proper parties to respond to the Court's questions"). For this reason, the Court cannot rule on Welk's remand motion as it relates to GMAC, and therefore the Court's conclusions with respect to jurisdiction apply only to the other defendants that Welk has sued. Similarly, to the extent that the other plaintiffs argue that the lack of jurisdiction over Welk's claims deprives the Court of jurisdiction over their claims as well, the Court's jurisdictional ruling does not apply to their claims against GMAC, but only to their claims against the other defendants.

[2] *See Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255 (4th Cir. 2002) ("Porsche's assertion of substantive claims under federal statutes, the ACPA and the trademark-dilution statute, invokes a federal court's subject-matter jurisdiction . . . while in rem jurisdiction concerns a court's authority over the res — in this case, the domain names Porsche seeks."); *Carvel v. Thomas & Agnes Carvel Found.*, 188 F.3d 83, 85-86 (2d Cir. 1999) (holding that a remand under the prior-exclusive-jurisdiction doctrine is appealable because it is not a remand for lack of subject-matter jurisdiction).

that in rem jurisdiction exists.  There must be a separate basis for federal jurisdiction — a basis grounded in the United States Constitution or a federal statute.  13F Charles Alan Wright et al., *Federal Practice and Procedure* § 3631 (3d ed. 2009) ("Actions in rem or quasi-in-rem, like actions in personam, must meet subject matter jurisdiction requirements. Thus, either diversity of citizenship and the requisite amount in controversy or some other basis of federal jurisdiction must exist.").

It appears to the Court that in rem jurisdiction is more akin to *personal* jurisdiction than to subject-matter jurisdiction.[3]  When a lawsuit is filed against an individual in federal court, the court must determine whether it has both subject-matter jurisdiction over the lawsuit and personal (i.e., in personam) jurisdiction over the defendant.  Similarly, when a lawsuit to adjudicate the status of a res is filed in federal court, the court must determine whether it has both subject-matter jurisdiction over the lawsuit and in rem jurisdiction over the res.  Subject-matter jurisdiction relates to the power of an institution; it implicates a question of sovereignty.  Personal and in rem jurisdiction relate to the rights of an individual (either an individual who has been sued or an individual whose rights may be affected by the adjudication of the status of a res); it implicates a question of individual liberty.  *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("Subject-matter jurisdiction . . . functions as a restriction on federal power, and contributes to the characterization of the federal sovereign. . . . [In contrast,] [t]he personal jurisdiction requirement recognizes and

---

[3]*See Porsche Cars N. Am., Inc.*, 302 F.3d at 256 ("personal jurisdiction, rather than subject-matter jurisdiction, seems far more analogous to in rem jurisdiction."); *cf.* Fed. R. Civ. P., Adm. Supp. R. C(1) ("a party who may proceed in rem may also, or in the alternative, proceed in personam against any person who may be liable").

protects an individual liberty interest. It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty.").

For these reasons, the Court concludes that a challenge to a court's assertion of in rem jurisdiction should be treated similarly to a challenge to a court's assertion of personal jurisdiction. And that means that although no litigant can consent to a court's exercise of subject-matter jurisdiction, a litigant can consent to a court's exercise of in rem jurisdiction, just as a litigant can consent to a court's exercise of personal jurisdiction. *Id.* at 703-04.

These principles are relevant here. After being served with an eviction summons, Welk answered and moved to stay the unlawful-detainer proceeding pending the outcome of this case. *See* Second Butler Aff., Apr. 12, 2012 [ECF No. 132] Ex. 2. After this case was removed to federal court, the parties in the unlawful-detainer action stipulated that the Bank of New York Mellon Trust, N.A. — which was the party seeking Welk's eviction — would take no action to evict Welk during the pendency of this federal proceeding. *See id.* Ex. 3. The state court later administratively closed the unlawful-detainer action. In essence, then, what the parties did was to consent to this Court's exercise of jurisdiction over Welk's property in this case. *Cf. Porsche Cars N. Am., Inc.*, 302 F.3d at 256 ("for years courts have held that objections to in rem jurisdiction may be waived"). It therefore does not matter that the *Welk* unlawful-detainer action was pending at the time of removal.[4]

---

[4] It is also worth noting that, even if the Court lacked jurisdiction over Welk's property under the doctrine of prior exclusive jurisdiction, that fact would not deprive the Court of jurisdiction over the remainder of the case — no more than the lack of personal jurisdiction over one of the parties would deprive the Court of personal jurisdiction over the other parties.

The analogy between personal and in rem jurisdiction is not perfect.  The Court doubts, for example, that litigants could consent to have two courts simultaneously exercise in rem jurisdiction over the same piece of property, even though it is common for two (or more) courts to simultaneously exercise personal jurisdiction over the same human being.  But that is not what has happened here.  Even if plaintiffs are correct that this case and the *Welk* unlawful-detainer action are both in rem actions, the parties, by consent, temporarily withdrew the Welk property from the jurisdiction of the state court and submitted it to the jurisdiction of this Court.  The Court therefore denies plaintiffs' motion to remand as to Welk's claims and dismisses all of those claims (save the claims against GMAC) for the reasons explained in the March 29 order.

### C.  Attorney's Fees

In the March 29 order, the Court concluded that plaintiffs' attorney, William Butler, should be assessed sanctions under 28 U.S.C. § 1927.  Specifically, the Court concluded that Butler should, at minimum, pay the attorney's fees that defendants incurred in (1) opposing plaintiffs' first remand motion; (2) replying to plaintiffs' opposition to defendants' motions to dismiss; and (3) appearing at the lengthy January 20, 2012 hearing on plaintiffs' motion to remand and defendants' motions to dismiss.  In the same order, the Court asked the parties to brief whether Butler should be required, under 28 U.S.C. § 1927, to pay the attorney's fees incurred by defendants in responding to the frivolous arguments that plaintiffs made in their initial brief supporting their second remand motion and in submitting the supplemental briefing

that became necessary because of plaintiffs' failure to identify the *Welk* unlawful-detainer action in their initial brief. The Court considers each fee petition in turn.[5]

### 1. Charles Webber, Trista Roy, and Ellen Silverman (Faegre Baker Daniels, LLP)

Attorney Charles Webber seeks fees for services that he and his colleagues provided to two sets of clients: (1) GMAC; Ally Financial, Inc.; and the Bank of New York Mellon (collectively, "the GMAC group"); and (2) Mortgage Electronic Registration Systems, Inc.; MERSCORP, Inc.; U.S. Bank, N.A.; and Deutsche Bank Trust Company Americas (collectively, "the U.S. Bank group"). *See* ECF Nos. 125, 126. (The Court will refer to Webber and his colleagues collectively as "Webber.") Webber seeks a total of $16,384.50 on behalf of the GMAC group and $13,223.69 on behalf of the U.S. Bank group. As explained above, in light of the automatic bankruptcy stay, the Court will defer awarding fees to the GMAC group.

Butler objects to the fees that Webber seeks on several grounds: He contends that Webber's fee request is not adequately documented, that it is unclear why Webber submitted two separate fee requests on behalf of two groups of clients, and that Webber is seeking fees for responding to Butler's response to the Court's show-cause order.

To begin with, the Court agrees with Butler that he should not have to pay any defendant's fees for responding to Butler's response to the Court's show-cause order. As Butler notes, he had a right to respond to the Court's order to show cause — indeed, the Court *ordered* him to respond. Butler's response therefore cannot be considered a vexatious multiplication of

---

[5]Butler does not object to the amount of attorney's fees requested by attorneys Brian Vander Pol (Dorsey & Whitney LLP) and Amanda Govze (Shapiro & Zielke, LLP). *See* ECF Nos. 123, 124. Having reviewed these attorneys' submissions, the Court finds them reasonable and will grant their requests in full.

the proceedings. To be clear, defendants did nothing wrong by filing responses to Butler's response; the Court is, in fact, grateful for their assistance. Nevertheless, the fact that some defendants decided to respond cannot be blamed on Butler. The Court will therefore not award any fees that any defendant incurred in responding to Butler's response to the show-cause order. Excluding those fees from the U.S. Bank group's request reduces the request to $11,015.68.

The Court disagrees with Butler about the breakdown of fees between the GMAC group and the U.S. Bank group. After all, Webber was representing two different groups of clients, and thus each would be responsible for a portion of his fees. Presumably,[6] Webber billed the GMAC group for services that related only to that group and the U.S. Bank group for services that related only to that group, and then, with respect to services that benefitted both groups, split his fees between them.

That said, the Court agrees with Butler that Webber's overall fee request of almost $30,000 is somewhat excessive. Webber's two groups of clients acted as a single unit in almost all respects, including in briefing and arguing the motions pending before the Court. Most of Webber's work should have benefitted both sets of clients equally. Moreover, Webber had the assistance of co-counsel. For example, Brian L. Vander Pol of Dorsey &Whitney served as co-counsel with respect to the U.S. Bank group. (As noted, Butler has not objected to Vander Pol's fee request of $5,746.70.)

---

[6]As Butler notes, Webber did not submit hourly billing information. Webber did offer to supply invoices for in camera review, but the Court does not wish to start yet another round of submissions and responses. The information submitted to the Court, the Court's intimate familiarity with this litigation, and the Court's considerable experience in ruling on fee requests in mortgage and other cases in this District, provide the Court with a reasonable basis for ruling on Webber's request for fees.

The Court will reduce the award to Webber in his capacity as attorney for the U.S. Bank group to $10,000. The Court anticipates that it will make a similar fee award to Webber in his capacity as attorney for the GMAC group after the automatic bankruptcy stay is lifted. This is a reasonable fee, even though Webber's overall fee will be larger than the fee paid to any of the other attorneys who worked on this lawsuit. Webber has informally acted as the "lead attorney" for defendants and has been the most involved in briefing and arguing the various motions. Moreover, Webber's clients filed the only motion for sanctions,[7] they filed the only substantive opposition to plaintiffs' motions to remand, and they collectively represent the largest group of defendants with the most claims against them. Webber is therefore entitled to the largest fee award.

2.  Kirstin Kanski (Lindquist & Vennum PLLP)

Attorney Kirstin Kanski represented Deutsche Bank National Trust Company ("Deutsche") in its capacity as a trustee for two different mortgage-loan trusts. Kanski seeks a total of $7,380.42 on behalf of Deutsche. Like Webber, Kanski divides her fee request into two categories. Kanski seeks fees for services provided to Deutsche in its capacity as trustee for one of the trusts and fees for her services to Deutsche in its capacity as trustee for the other trust. The Court notes, though, that Kanski submitted one set of memoranda on behalf of Deutsche in both capacities. In addition, the Court notes that these two trusts were collectively associated with only two of the plaintiffs' properties. The Court will therefore reduce Kanski's overall fee

---

[7]Although the Court did not specifically note that defendants were entitled to recover attorney's fees incurred in connection with the motion for sanctions, the Court has no trouble concluding that such fees are recoverable in this case under § 1927.

award to $6,000, to be equally divided between the two "Deutsches" (unless they agree otherwise).

### 3. Fredrick Levin (Dykema Gossett, LLP) and Jared Kemper (Foley & Mansfield, PLLP)

Finally, attorneys Fredrick Levin and Jared Kemper submitted a fee request totaling $12,880 on behalf of Deutsche in its capacity as a trustee for yet another trust. Butler objects that this amount is excessive, and the Court agrees. This particular Deutsche trust was associated with only one of the plaintiffs. In addition, Levin and Kemper seek nearly $2,000 in fees for filing a one-page, non-substantive joinder to a response to plaintiffs' motion to remand. Finally, Levin and Kemper also seek fees for responding to Butler's response to the order to show cause; the Court has already determined that such fees are not recoverable. The Court will therefore reduce Levin's and Kemper's fee award to $5,000, to be split equally between Levin and Kemper (unless they agree otherwise).

### D. Entry of Judgment

As discussed above, the automatic bankruptcy stay prevents the Court from adjudicating any claims against GMAC. The Court therefore cannot enter final judgment in this case unless entry of judgment as to some but not all claims or parties would be proper under Fed. R. Civ. P. 54(b). Rule 54(b) provides, in relevant part, that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." In determining whether there is just reason for delay, courts consider such factors as:

> "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the

-12-

> possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like."

*Hayden v. McDonald*, 719 F.2d 266, 269 (8th Cir. 1983) (quoting *Allis-Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)).

There is no question that entry of final judgment is appropriate as to the claims of those plaintiffs who have no claims against GMAC. As the Court noted in its March 29 order, the plaintiffs in this case have nothing to do with each other. They should not have been joined in the first place; in fact, the Court cited Butler's strategic but improper joinder of the plaintiffs into a single action as one of many reasons why Butler should be sanctioned. There is certainly no reason why judgment against those plaintiffs who have no claims against GMAC should be stayed indefinitely pending the outcome of a bankruptcy that has nothing to do with them.

It is a closer question, however, whether the Court should enter judgment as to claims that were *not* made against GMAC by plaintiffs who *also* made claims against GMAC. In an ordinary case, entry of such a judgment would probably be inadvisable. When a plaintiff has claims against multiple parties, those claims are likely to be factually and legally intertwined in a way that counsels against entry of judgment as to only some of the claims.

This case is unusual, however, in that the identity of the defendants and the nature of their individual actions played essentially no role in the Court's analysis. Plaintiffs conceded, and the record established, that plaintiffs had all signed notes and mortgages, that plaintiffs were all in default, and that the defendants who attempted to foreclose on plaintiffs' properties all held

record title to their mortgages. ECF No. 121 at 7. The Court's rulings were based on that common, undisputed factual basis; for the most part, the Court did not distinguish among defendants. In the Court's view, the only effect of GMAC's bankruptcy is a technical one: For the time being, the Court cannot dismiss the claims against GMAC (as it has decided to do) and cannot award attorney's fees to GMAC (as it has also decided to do). For all other intents and purposes, however, excluding the claims against GMAC from entry of judgment has no effect on this case. The Court will therefore enter final judgment as to all claims other than the claims against GMAC; the Court will also enter final judgment as to the attorney's-fee awards and the Rule 11 sanction against Butler.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. With the exception of claims against defendant GMAC Mortgage, LLC, all claims against all defendants are DISMISSED WITH PREJUDICE AND ON THE MERITS.

2. Plaintiffs' motion to remand [ECF No. 92] is DENIED except as it pertains to claims against defendant GMAC Mortgage, LLC.

3. Pursuant to the Court's March 29, 2012 order [ECF No. 121], attorney William Butler is ORDERED to pay into Court a sanction of $50,000.

4. Attorney William Butler is ORDERED to pay defendants' attorney's fees as follows:

    a.    On behalf of defendants U.S. Bank, N.A. and U.S. Bank National Association ND, attorney's fees of $5,746.70 to Dorsey & Whitney LLP.

    b.    On behalf of defendant Shapiro & Zielke, LLP, attorney's fees of $3,020 to Shapiro & Zielke, LLP.

    c.    On behalf of defendants Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., U.S. Bank, N.A., and Deutsche Bank Trust Company Americas, attorney's fees of $10,000 to Faegre Baker Daniels LLP.

    d.    On behalf of Deutsche Bank National Trust Company, attorney's fees of $6,000 to Lindquist & Vennum PLLP.

    e.    On behalf of Deutsche Bank National Trust Company, attorney's fees of $5,000 to Dykema Gossett, LLP and Foley & Mansfield, PLLP.

5.    The Court expressly determines, under Fed. R. Civ. P. 54(b), that there is no just reason for delay in entering a final judgment as to all claims against all parties, with the exception of the claims against defendant GMAC.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 8, 2012                           s/Patrick J. Schiltz
                                                                                Patrick J. Schiltz
                                                                                United States District Judge