UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HEATHER L. WELK, SUSIE B. JONES, WILLIAM BIGELOW, CHRISTINE HEINZMAN, MARK HEINZMAN, SIGMOND SINGRAMDOO, TROY FORTE, LYNN M. FORTE, DAVID J. ROSTER, CHARITY ROSTER, PATRICK RUCCI, GARY G. KLINGNER, REBECCA A. ALBERS, IAN PATTERSON, JAMES WILLIS KONOBECK, JR., ALISON KONOBECK, AMY B. TIBKE, DANE A. TIBKE, TRACY J. MIKLAS, and MICHELLE L. MIKLAS, | Case No. 11-CV-2676 (PJS/JJK) |
| Plaintiffs, | ORDER |
| v. | |
| GMAC MORTGAGE, LLC; ALLY FINANCIAL, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MERSCORP, INC.; U.S. BANK, N.A.; DEUTSCHE BANK TRUST COMPANY AMERICAS; SHAPIRO & ZIELKE, LLP; U.S. BANK NATIONAL ASSOCIATION ND; DEUTSCHE BANK NATIONAL TRUST COMPANY; THE BANK OF NEW YORK MELLON, f/k/a The Bank of New York, | |
| Defendants. | |

This matter is before the Court on plaintiff Ian Patterson's motion to alter or amend the judgment, for leave to amend the complaint, and to sever his claims from those of the other plaintiffs. The Court denies the motion because it is untimely; even if the motion were not untimely, the Court would deny it on the merits.

This case was removed from state court on September 16, 2011. Shortly after removal, defendants began filing motions to dismiss. Plaintiffs then filed an amended complaint on October 14, 2011. Defendants filed yet more motions to dismiss, and plaintiffs filed a motion to remand. The Court held a four-hour hearing on those motions on January 20, 2012, at which the Court expressly informed plaintiffs that the basis of nearly all of their claims was frivolous. Notably, plaintiffs' counsel had already been informed of this fact many times in other cases, beginning with a case in which counsel challenged the foreclosure of the mortgage on his own home. *See, e..g.*, *Butler v. Bank of Am., N.A.*, No. 11-461 (DWF/TNL), 2011 WL 2728321 (D. Minn. July 13, 2011), *aff'd*, No. 11-2653, 2012 WL 3641469 (8th Cir. Aug. 27, 2012). Consistent with its statements at oral argument, the Court entered an order for plaintiffs' counsel to show cause why he should not be sanctioned. Not to be deterred, plaintiffs filed a second motion to remand a few days later.

On March 29, 2012, the Court entered a lengthy order sanctioning plaintiffs' counsel and dismissing nearly all of plaintiffs' claims, including all claims made by Patterson. The Court did not enter judgment at that time, however, because further briefing was necessary on an issue that related only to plaintiff Heather Welk. Shortly after the parties submitted further briefing, defendant GMAC Mortgage, LLC ("GMAC") notified the Court that it had filed for bankruptcy protection. The Court then requested additional briefing on the effect of GMAC's bankruptcy filing. After receiving that briefing, the Court issued a second order and, on August 8, 2012, entered judgment pursuant to Fed. R. Civ. P. 54(b) with respect to all claims save those against GMAC.

Patterson now moves to alter or amend the judgment pursuant to Fed. R. Civ. P. 59. Under Rule 59(e), any motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Twenty-eight days after the August 8 entry of judgment was September 5, 2012. *See* Fed. R. Civ. P. 6(a) (rules for computing time). But Patterson did not file his motion until September 6. His motion is therefore untimely and must be denied. *See* Fed. R. Civ. P. 6(b)(2) (a court may not extend the time for filing motions under Rule 59(e)); *Heide v. Scovel*, 355 Fed. Appx. 91, 92 (8th Cir. 2009) (district court lacked jurisdiction over untimely 59(e) motion); *Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001) (same).

Even if Patterson's motion were timely, the Court would deny it. Motions to alter or amend the judgment "serve the limited function of correcting manifest errors of law or fact or . . . present[ing] newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citation and quotations omitted). A Rule 59(e) motion "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (citation and quotations omitted). Yet this is precisely what Patterson seeks to do.

Patterson does not claim that the Court made an error of any kind. Instead, having failed to block his eviction based on the arguments made by his original counsel, Patterson now wants to hire new counsel and start all over again — bringing an entirely separate claim based on an alleged irregularity in the foreclosure of his home. There is no reason, however, why Patterson could not have discovered this alleged irregularity long before the entry of judgment. After all, this case was commenced over a year ago. Even if Patterson's failure to discover the basis of his new claim could be blamed on the negligence of his original counsel, Patterson had ample notice

that his original counsel was making frivolous arguments.  Beginning with the January 20 hearing, the Court made it abundantly clear that the central premise of plaintiffs' claims had no merit whatsoever.  On March 29, the Court dismissed Patterson's claims with prejudice.  Between the March 29 dismissal and the August 8 entry of judgment, Patterson had plenty of time to seek different counsel to review the validity of the foreclosure of his home.  Patterson avers that he finally discovered the flaw in the foreclosure proceedings when he secured new counsel to defend him in a state-court eviction proceeding.  Notably, however, public records indicate that Patterson's eviction proceeding commenced in early June, approximately three months ago.  Patterson has failed to show that he "exercised due diligence" to discover this evidence before entry of the judgment on August 8.  *Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1036 (8th Cir. 2007).  His motion is therefore denied.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiff Ian Patterson's motion to alter or amend the judgment, for leave to amend the complaint, and to sever [ECF No. 143] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 10, 2012              s/Patrick J. Schiltz
                                                                  Patrick J. Schiltz
                                                                  United States District Judge